THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LOUISE SORGE, Now Known as LOUISE HEAD, Appellant.

Argued May 31, 1950; decided July 11, 1950.

*J. Harry Tiernan* for appellant. The judgment of conviction should be reversed because the improper and prejudicial questions asked by the District Attorney on cross-examination affected substantial rights of defendant, which should not be overlooked or disregarded by an appellate court, because of the discretion permitted by section 542 of the Code of Criminal Procedure. (*People* v. *Nuzzo,* 294 N. Y. 227; *People* v. *Mleczko,* 298 N. Y. 153; *People* v. *Marendi,* 213 N. Y. 600; *People* v. *Sobieskoda,* 235 N. Y. 411; *People* v. *Gerdvine,* 210 N. Y. 184; *People* v. *Harvey,* 235 N. Y. 282; *People* v. *Grout,* 174 App. Div. 608; *People* v. *Buzzi,* 238 N. Y. 390; *People* v. *Infantino,* 224 App. Div. 193; *People* v. *Dietz,* 216 App. Div. 23; *People* v. *De Martine,* 205 App. Div. 80.)

*Herman Methfessel, District Attorney* (*Alfred J. Cawse, Jr.,* of counsel), for respondent. The questions asked of defendant by the District Attorney constituted proper cross-examination. (*People* v. *Flynn,* 275 App. Div. 350; *People* v. *Connolly,* 253 N. Y. 330; *People* v. *Nuzzo,* 294 N. Y. 227; *People* v. *Giblin,* 115 N. Y. 196; *People* v. *Malkin,* 250 N. Y. 185; *People* v. *Gitlow,* 195 App. Div. 773.)

FULD, J. In this prosecution for the crime of abortion, the evidence given on behalf of the People was more than sufficient to justify the verdict of guilt — for the conflicting testimony of the victim and of the defendant but presented a question of veracity and credibility for the jury. Accordingly, an affirmance is compelled, unless prejudicial error was committed by the district attorney in conducting his cross-examination of defendant. He interrogated her about abortions which she had allegedly performed upon four other women and, after she had answered his questions in the negative, pressed her further as to whether she had not signed a statement admitting that she had aborted one of the women, as to whether that particular operation had not furnished the predicate for her plea of guilty

to the crime of practicing medicine without a license, and as to whether she had not been present while a fifth abortion had been performed.

There can, of course, be no doubt as to the propriety of cross-examining a defendant concerning the commission of other specific criminal or immoral acts. A defendant, like any other witness, may be " interrogated upon cross-examination in regard to any vicious or criminal act of his life " that has a bearing on his credibility as a witness. (*People* v. *Webster,* 139 N. Y. 73, 84; see, also, *People* v. *Jones,* 297 N. Y. 459; *People* v. *Brown,* 284 N. Y. 753; *People* v. *Johnston,* 228 N. Y. 332, 340; *People* v. *Casey,* 72 N. Y. 393, 398–399; see, also, 8 Wigmore on Evidence [3d ed.] § 2277, p. 453.) It does not matter that the offenses or the acts inquired about are similar in nature and character to the crime for which the defendant is standing trial. (See *People* v. *Jones, supra,* 297 N. Y. 459: murder prosecution, defendant interrogated as to another murder; *People* v. *Brown, supra,* 284 N. Y. 753: murder prosecution, defendant interrogated as to another murder; *People* v. *Alex,* 279 N. Y. 766: murder prosecution, defendant interrogated as to another murder; *People* v. *Madison,* 3 Cal. 2d 668, 678: murder prosecution, defendant interrogated as to assault with gun; *State* v. *Palko,* 121 Conn. 669, 678–679: murder prosecution, defendant interrogated as to subsequent robbery.) And if the questions have basis in fact and are asked by the district attorney in good faith, they are not rendered improper merely because of their number. Entitled to delve into past misdeeds, the prosecutor may not arbitrarily be shackled by the circumstance that the defendant has pursued a specialized field of crime and has committed many offenses. (See, e.g., *People* v. *Brown, supra,* 284 N. Y. 753; cf. *People* v. *Goldstein,* 295 N. Y. 61, 65; *People* v. *Thau,* 219 N. Y. 39, 42.)

Nor is it improper for a district attorney to continue his cross-examination about a specific crime after a defendant has denied committing it. As long as he acts in good faith, in the hope of inducing the witness to abandon his negative answers, the prosecutor may question further. (See *People* v. *Jones, supra,* 297 N. Y. 459; *People* v. *Weiss,* 129 App. Div. 671, 676; 3 Wigmore on Evidence, *op. cit.,* § 1023, pp. 700–701.) In other words, a negative response will not fob off further interrogation

of the witness himself, for, if it did, the witness would have it within his power to render futile most cross-examination. The rule is clear that while a witness' testimony regarding collateral matters may not be refuted by the calling of other witnesses or by the production of extrinsic evidence (see, e.g., *People* v. *Perry,* 277 N. Y. 460; *People* v. *Malkin,* 250 N. Y. 185; *People* v. *Freeman,* 203 N. Y. 267), there is no prohibition against examining the witness himself further on the chance that he may change his testimony or his answer.

This principle covers not only the questions put to defendant which were based upon her prior statement (see *People* v. *Jones, supra,* 297 N. Y. 459), but also the questions grounded upon her prior conviction — following her guilty plea — of practicing medicine without a license. Since a witness may be examined properly with respect to criminal acts that have escaped prosecution, there is no reason why indictment followed by conviction should proscribe inquiry as to what those acts were. (See *People* v. *Romeo,* 273 App. Div. 891; *Ochsner* v. *Commonwealth,* 128 Ky. 761, 764; *State* v. *Rusnak,* 108 N. J. L. 84, 90; *State* v. *Brames,* 154 Wash. 304, 309–311.) A knowledge of those acts casts light upon the degree of turpitude involved and assists the jury in evaluating the witness' credibility — all the more so in a case such as the present where conviction of a crime such as practicing medicine without a license gives no inkling whatsoever of the acts upon which the charge and conviction against defendant had been predicated. In point of fact, the matters sought to be elicited by the cross-examination were precisely those matters that could have been established by proof of the official record of defendant's conviction — a course which the People could unquestionably have pursued under section 2444 of the Penal Law. (See *State* v. *Brames, supra,* 154 Wash. 304, 310, involving a statute identical with section 2444.)

While, for the reasons outlined above, we cannot single out any questions and say that they were improper as a matter of law, there still remains the problem of whether the cumulative effect of the sustained cross-examination constituted error, despite the propriety of the individual queries. Basic in this connection is the rule that " The manner and extent of the cross-examination lies largely within the discretion of the

trial judge.'' (*People* v. *Malkin, supra,* 250 N. Y. 185, 197; see, also, *People* v. *Slover,* 232 N. Y. 264, 268–269; *People* v. *Webster, supra,* 139 N. Y. 73, 84; *People* v. *Tice,* 131 N. Y. 651, 657–658; *People* v. *Casey, supra,* 72 N. Y. 393, 399; *La Beau* v. *People,* 34 N. Y. 223, 230.) Accordingly, although there may be room for a difference of opinion as to the scope and extent of cross-examination, the wide latitude and the broad discretion that must be vouchsafed to the trial judge, if he is to administer a trial effectively, precludes this court, in the absence of '' plain abuse and injustice '' (*La Beau* v. *People, supra,* 34 N. Y. 223, 230), from substituting its judgment for his and from making that difference of opinion, in the difficult and ineffable realm of discretion, a basis for reversal.

We may not here say that prejudice or '' injustice '' resulted from the district attorney's interrogation or that permitting the vigorous cross-examination constituted '' plain abuse ''. The evidence against defendant was clear and, since the outcome of the case depended almost entirely upon whether the testimony of the victim or of the defendant was credited by the jury, there was good and ample reason to give both sides a relatively free hand on cross-examination in order to afford the jury full opportunity to weigh and evaluate the credibility of each witness.

The judgment should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FROESSEL, JJ., concur.

Judgment affirmed.