Harold T. Garrity, J.
Defendant appeals from a conviction for assault, third degree. Engaged as a “ door-to-door ” salesman of brushes, defendant sought to sell his wares to the complainant who was at home with her two infant children. During the course of his sales talk, defendant entered the apartment, uninvited, and imploring complainant: “don’t holler; don’t scream.” Defendant’s position, both prior and subsequent to causing complainant to fall backwards upon the floor and her succeeding in freeing herself almost simultaneously with the arrival of a neighbor responding to her screams, unequivocally establish the commission of an assault unless unintentional and therefore exculpatory.
Represented by counsel at the nonjury trial, defendant testified in his own behalf. He testified, and now reiterates, that his acts resulted from an epileptic seizure and that “ I always use (sic) to depend upon my mother for protection, to hold me to stop from falling.”
Error is urged in that testimony was admitted as to prior similar occurrences. Defendant by testifying in his own behalf subjected himself to the hazard of impairing his credibility as does any other witness. This venerable rule was recently *843 reaffirmed by the Court of Appeals in People v. Sorge (301 N. Y. 198, 200 in which Judge Fulo, speaking for a unanimous court, stated: “ There can, of course, be no doubt as to the propriety of cross-examining a defendant concerning the commission of other specific criminal or immoral acts. A defendant, like any other witness, may be ‘ interrogated upon cross-examination in regard to any vicious or criminal act of his life ’ that has a bearing on his credibility as a witness. (People v. Webster, 139 N. Y. 73, 84; see, also, People v. Jones, 297 N. Y. 459; People v. Brown, 284 N. Y. 753; People v. Johnston, 228 N. Y. 332, 340; People v. Casey, 72 N. Y. 393, 398-399; see, also, 8 Wigmore on Evidence [3d ed.] § 2277, p. 453.) It does not matter that the offenses or the acts inquired about are similar in nature and character to the crime for which the defendant is standing trial. (See People v. Jones, supra * # * ^ M
Such evidence was, furthermore, clearly admissible as defendant’s attorney opened the door on direct examination by questioning defendant about prior incidents. The Trial Judge’s subsequent questioning only elicited further particulars from the defendant.
Nor can the defendant otherwise properly complain that there was revealed information relating to similar incidents under the same rather extraordinary circumstances. To exclude same would be to restrict and constrict the People because of the “ specialized field of crime ” pursued by defendant against which Judge Fuld issued his caveat in People v. Sorge (supra).
Despite the door being opened by counsel or by the defendant testifying in his own behalf, nevertheless evidence of such prior acts would be admissible under People v. Molineux (168 N. Y. 264). Certainly such comes within its classic exceptions to establish motive and intent.
Much of appellant’s brief relates to the question of his medical condition. The record, however, is virtually barren on that score save for defendant’s own recital. No request was made for an adjournment for the purpose of producing any physician, hence there was no denial by the trial court of such opportunity as is contended by appellant.
The appellant submits a comprehensive and well-reasoned brief. Unfortunately, much of its cogency results from comments, data and argument on matters not included in the record. We are urged to consider scientific data relating to this disease. That should have been presented to the trial court. His present attorneys as well as this court are bound by the record.
*844 Defendant strenuously argues that to establish guilt beyond a reasonable doubt it is necessary that the prosecution prove that the assault “ did not occur because of the defendant’s illness ”. This is not the law. On the contrary, section 815 of the Penal Law provides that ‘ ‘ The burden of proving that he [the defendant] is irresponsible is upon the accused person ”, More than 50 years ago, in People v. Furlong (187 N. Y. 198) the Court of Appeals considered and rejected the very same defense and upon a record containing much medical testimony about the several varities and peculiarities of the disease of epilepsy.
The complainant appears to have testified in a candid and dispassionate manner. That the trial court found the defendant’s purported explanation unworthy of credence is quite understandable. As for the sentence imposed, the Trial Judge exercised most commendable perspicacity. The very nature of the terms of probation establishes the trial court’s keen appreciation of his obligation to the defendant as well as to society by seeking, within his limited power, to prevent future similar occurrences. It is rather disingenuous to urge that under the circumstances defendant has suffered a grievous loss since he can no longer pursue “ his usual and practiced vocation
Judgment of conviction affirmed.