John H. Galloway, Jr., J.
Defendant-petitioner moves for a writ of error coram nobis to vacate and set aside a judgment of conviction entered against him after a trial by jury in this court on June 7, 1946 on both counts of an indictment for rape in the first degree, and for immoral sexual practices with a female child less than 10 years of age. The records before the court reveal the prior proceedings had in this ease as follows:
On June 14, 1946, upon petitioner’s admission of three prior felony convictions, he was sentenced by this court (Donohoe, J.) as a fourth felony offender to from 20 years to life on the rape count and to from 15 years to life on the immoral practices count.
Thereafter, petitioner was able to obtain the vacatur of two of the three prior convictions (two burglary convictions in York County, Pennsylvania), as the basis for a multiple felony sen *864 tence, and on October 14, 1952 he was ordered returned to this court for resentence. (Wyoming County Court, Conable, J.) On February 18, 1953 he was arraigned for resentence, and, a jury having determined that petitioner was the same person previously convicted in Philadelphia on October 11, 1938 of the crime of assault with intent to commit the crime of rape, he was on February 26, 1953 resentenced as a second felony offender to from 25 to 40 years on the rape conviction and to from 5 to 15 years on the immoral practices conviction.
Thereafter, on January 21, 1960, after hearing on a writ of habeas corpus granted by the United States Circuit Court of Appeals for the Second Circuit, the United States District Court for the Northern District of New York (Brennan, J.) determined that petitioner’s trial and conviction in Philadelphia in October 1938 “ did not embody our present concept of due process ”, and sustained the writ “ to the extent that the conviction of petitioner in the Municipal Court of Pennsylvania on October 11, 1938 may not be used as a basis for increased punishment in New York State ”. Petitioner was directed to make prompt application to this court for resentence upon the 1946 convictions.
Accordingly, petitioner was resentenced as a first felony offender by this court (McCullough, J.) on August 4, 1960 to from 10 to 20 years on the rape conviction and to from 5 to 10 years on the immoral practices conviction.
On February 21, 1961, Mr. Justice Francis Bergan' granted petitioner a writ of habeas corpus returnable in Supreme Court, Clinton County, and a hearing thereon was held on March 9,1961 before Mr. Justice Robert 0. Main. There petitioner sought to vacate the 1946 conviction in this court, on the ground, among others, that the use of the 1938 Philadelphia convictions to affect the credibility of his testimony given on his own behalf in the 1946 trial was prejudicial as having unduly influenced the jury against him, and that, since said prior conviction has been u vacated ” by the Federal District Court, it was improperly used to affect his credibility, and he was entitled to an acquittal.
Mr. Justice Main, in his decision dated March 20, 1961, said in material part: “ It is, of course, possible and perhaps even probable that the introduction of proof of the 1938 conviction at his 1946 trial in Westchester County, New York may have influenced the jury against relator and the question of whether or not relator is entitled to relief because that prior conviction has been successfully attacked, is one upon which relator should have a hearing.” However, the learned Justice held that habeas corpus was not the proper remedy, and, in dismissing the writ, *865 lie advised petitioner to seek relief in this court by a proceeding in the nature of a writ of error coram nobis.
Accordingly, petitioner now brings on this application, and requests a hearing thereon to determine “whether the 1946 conviction should be vacated”. He requests the aid of counsel on such hearing.
Petitioner argues that the trial jury rested its verdict principally on the evidence of his 1938 conviction of sexual offenses, rather than upon any credible evidence of the sex crimes for which he was then on trial; that since the Federal District Court has in 1959 rejected the 1938 conviction as a basis for increased punishment under the New York multiple offender statutes, it was error to have permitted the prosecution to offer it in evidence during his 1946 trial on the issue of his credibility as a witness in his own behalf — an error which prevented him from having a fair and impartial trial; and that this entitles him to a vacatur of the 1946 judgment of conviction.
The question here presented for determination is whether petitioner is entitled under a writ of error coram nobis to have the 1946 judgment of conviction vacated, because the 1938 conviction, which was introduced on the issue of petitioner’s credibility during his 1946 trial, was in 1959 successfully attacked and rejected as a basis for his increased punishment under New York’s multiple felony offender statutes.
In this court’s opinion petitioner is not entitled to the relief sought. What petitioner is saying is that, because the 1938 conviction was rejected in 1959 as a basis for increased punishment under the multiple felony offender statutes, its admission during his 1946 trial as evidence on the issue of his credibility was error which now entitles him to a vacatur of the 1946 judgment of conviction.
Petitioner speculates that, absent the prosecution’s 1946 reference to his 1938 conviction, he might well have been acquitted by the jury, because it cannot be said that the jury was not influenced by the fact of such prior conviction, and such “ fact ” could have been the major factor in the jury’s final determination to convict him. We are unable to adopt the principle here embodied that litigation can or should be decided on the basis of such speculative considerations.
When proof of the 1938 prior convictions was introduced in the 1946 trial on the issue of petitioner’s credibility, it was presumptively a valid and subsisting judgment of a sister State’s court. Petitioner does not claim that he challenged its validity on that occasion, as he had the privilege of doing had he so chosen. In our opinion the fact that the 1938 conviction was *866 later rejected in 1959 as a basis for multiple felony offender sentencing purposes does not and could not have the retroactive effect of disqualifying it as improper evidence on the issue of petitioner’s credibility in Ms 1946 trial. That is to say, its subsequent rejection or vacatur by the Federal District Court, if the latter was the effect of that court’s determination, cannot render it retroactively inadmissible as evidence on the issue of credibility in the 1946 trial, when it then stood unchallenged as a valid and subsisting judgment of the Philadelphia court, and as such was then properly available to the prosecution for the purpose offered.
In this context we are aware of the generally accepted propriety of cross-examining a defendant in a criminal trial concerning the commission of other specific criminal act or of any immoral or vicious act of his life that has a bearing on his credibility as a witness. Nor is such inquiry precluded because the offenses or acts inquired about are similar in nature and character to the crime for which the defendant is standing trial. Such a witness may also properly be examined as to criminal acts which have escaped prosecution and on which he has consequently escaped conviction. (Cf. People v. Sorge, 301 N. Y. 198, 200, 201 [1950] and authorities therein collated.) In the light of these accepted principles, there is no valid reason in the judgment of this court why the subsequent vacatur of a prior conviction of criminal acts should be held to proscribe inquiry as to what those criminal acts were.
Even if arguendo, we ascribe to the Federal District Court’s determination the effect of vacating and expunging the 1938 judgment of conviction, petitioner might have moved with equal success prior to his 1946 trial and thus avoided in 1946 the prosecution’s reference to his 1938 conviction. Since he did not do so, he should not now be heard to say that a trial procedure otherwise proper in the 1946 trial (Penal Law, § 2444) becomes illegal as of the 1946 trial because of the intervention of his subsequent and belated action in 1959.
Precisely the same contentions were advanced in support of an application for a writ of error coram nobis seeking the vacatur of a judgment of conviction and rejected in People v. Blake (7 A D 2d 642 [2d Dept., 1958]).
In the Blake (supra) case, the defendant-petitioner had been convicted after trial in Kings County Court in December, 1943 of three felonies, and sentenced as a second felony offender to a term of 15 to 60 years imprisonment. The former conviction which was the basis of his adjudication as a second felony offender was a judgment of October, 1937 in the same court, *867 which was vacated by the same court in May, 1950. In the 1943 trial the prosecution on cross-examination of defendant had introduced the 1937 conviction. Blake, although resentenced as a first offender after the vacatur of the 1937 conviction, contended that he was entitled to a vacatur of the 1943 conviction, because since the 1937 judgment was void ab initio, it was error for the prosecution to have referred to it during his 1943 trial — an error which prevented him from receiving a fair and impartial trial.
The Kings County Court denied, without a hearing, Blake’s motion for a writ of error coram nobis to vacate the judgment of May, 1950 which resontenced him as a first felony offender in lieu of the December, 1941 judgment. The Appellate Division, Second Department, unanimously affirmed without opinion the order of the Kings County Court.
We reach the conclusion that there is no legal basis shown by petitioner for invoking the doctrine of coram nobis and that he fails to show that he is entitled to the relief sought herein.
Accordingly, defendant-petitioner’s motions for a writ of error coram nobis and for a hearing thereon are denied. The District Attorney will submit an order in accordance with the foregoing and serve upon petitioner a copy of such order with notice of entry and a copy of this decision.