■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES DENNIS, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: Appellant has been convicted following trial of rape, first degree, upon a six-year-old girl. Defendant testified in his own behalf. He had made an inculpatory written statement to the police. His direct examination consisted of denials of the commission of the crime and his version that the statement had been obtained by police brutality. In the course thereof appellant related his conversations with police officers and told that one of them had produced his "record" and accused him of having raped on a prior occasion another three-year-old girl. It was defendant's version that in the course of the conversation he denied this alleged precedent crime and had told the officers that he had been given lie detector tests and was eventually exonerated and released. Upon cross-examination the prosecutor returned to this collateral issue and questioned appellant at length not only about the alleged sexual assault upon the three-year-old girl but upon a separate and distinct alleged rape upon still another five-year-old girl. The cross-examination ultimately centered upon the alleged offense on the five-year-old girl that had not been mentioned in appellant's direct examination. Defendant stated that he had been given a lie detector test as to this alleged crime and was eventually cleared and discharged. The cross-examination on this collateral issue, that had not been mentioned on direct examination, approached if it did not pass permissible limits. (Cf. *People* v. *Sorge*, 301 N. Y. 198.) Among other questions propounded by the prosecutor were "do you like to rape little girls?" and "why do you seem to specialize in little children?". While objection was sustained to the latter question it is illustrative of the tenor of the cross-examination. At the close of defendant's testimony he rested his case. The People in rebuttal promptly called a detective who testified that he investigated the prior incident relating to the five-year-old girl, that defendant was arrested but no lie detector test was given. The defendant was released because "we had only the very young children to testify and no other corroboration." This we conclude was reversible error and in the interest of justice there should be a new trial. "While the rule is clear that cross-examination upon collateral matters may not be fobbed off by a negative response (see *People* v. *Sorge*, 301 N. Y. 198), that rule does not sanction either 'the calling of other witnesses or * * * the production of extrinsic evidence' to refute the witness' answer on such collateral items

(p. 201) " (*People* v. *McCormick*, 303 N. Y. 403, 404). The jury may well have concluded that if appellant lied about the lie detector test and the reason for his ultimate exoneration of the prior charge he also lied in testifying that he did not sexually assault the complainant herein. (Cf. *People* v. *Duncan*, 13 N Y 2d 37, 42.) "Vicious though the crime was, convincing though the evidence of guilt may seem to be, we could affirm only if we were to announce a doctrine that the fundamentals of a fair trial need not be respected if there is proof in the record to persuade us of defendant's guilt. We are not prepared to announce such a doctrine." (*People* v. *Mleczko*, 298 N. Y. 153, 163.) (Appeal from judgment of Monroe County Court convicting defendant of rape, first degree.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.