■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE VASQUEZ RIVERA, Appellant.— Judgment of conviction affirmed. Concur — Capozzoli, J. P., Tilzer, McGivern and Markewich, JJ.; Nunez, J., dissents in the following memorandum: I dissent and vote to reverse the judgment of conviction and to grant a new trial. Defendant was convicted by jury verdict of felonious sale of a narcotic drug and felonious possession of a narcotic drug and sentenced to a term of not less than seven and one-half nor more than eight years in State prison. Defendant was convicted upon the testimony of an undercover police officer to the effect that on October 28, 1966 defendant sold to him a quantity of marijuana. Two other police officers testified to observations they made of the defendant and the undercover police officer from a distance. The transaction was an isolated one. Defendant was not known to any of the police officers prior to the alleged transaction. Defendant called several witnesses who testified that he was at Kennedy Airport at the time the alleged sale took place. He testified in his defense and in support of his alibi. In my view the trial court erred in failing to hold a hearing to determine whether, as claimed by defendant's counsel, several of the jurymen saw the calendar on the courtroom door and thereby learned that there was another indictment against defendant awaiting trial. The record clearly indicates that the calendar listed two indictments against the defendant; that one was on trial and the other was ready for trial. The court summarily denied defendant's motion for a mistrial, nor did the court make any further inquiry concerning what effect, if any, such disclosure had on some members of the jury, nor was any cautionary instruction given concerning the incident. It is well settled that a defendant, even on cross-examination, may not be asked whether he has been indicted. (*People* v. *Alamo*, 23 N Y 2d 630 [Feb., 1969]; *People* v. *Cascone*, 185 N. Y. 317, 334.) By analogy, a fortiori knowledge by several members of the jury that defendant was awaiting trial under another indictment deprived the defendant of a fair trial. (See, also, *People* v. *Wiggins*, 30 A D 2d 948 [1st Dept., 1968].) The

People concede that it was error to permit Joseph Keelan, the bondsman, to testify, over objection, that defendant's address on the bond was given as Bryant Avenue. This information had been supplied by a third party while appellant was incarcerated. The District Attorney also called Detectives Duignan and Cullen in rebuttal in order to impeach appellant's credibility. These two witnesses and the bondsman were called to establish that defendant had given his address as 860 Bryant Avenue, whereas he lived at 1002 Garrison Avenue. In so doing the District Attorney acted improperly. His sole purpose was to impeach appellant's credibility. It is now well settled that a witness' answers concerning collateral matters cannot be contradicted by the use of extrinsic evidence. (*People* v. *Sorge*, 301 N. Y. 198 [1950]; *People* v. *Duncan*, 13 N Y 2d 37 [1963]; *People* v. *Malkin*, 250 N. Y. 185 [1928]; *People* v. *Schwartzman*, 24 N Y 2d 241.) In the latter case, the Court of Appeals explicitly held that a witness' answers concerning collateral matters cannot be contradicted by extrinsic evidence except where such evidence is relevant to some issue in the case other than credibility. Obviously, the People's rebuttal evidence concerning appellant's address had no relevance to any issue in this case other than defendant's credibility. In my view the court erred in allowing rebuttal testimony, over objection, from Detectives Duignan and Cullen that when taking appellant's pedigree appellant gave them the Bryant Avenue address without establishing that appellant had first been warned of his constitutional rights as required by *Miranda* v. *Arizona* (384 U. S. 436 [1966]). Additionally, failure to give the requisite notice under section 813-f of the Code of Criminal Procedure precluded the People from using any statement given by the defendant, though it is offered for the sole purpose of impeaching appellant's credibility. The Appellate Division, Second Department has recently so held in *People* v. *Schwartz* (30 A D 2d 385 [1968]). In my view the cumulative effect of these errors compel a reversal and a new trial of this closely contested case. The defendant is 35 years of age; he had never been convicted of a crime, he served five years in the United States Army and was honorably discharged with the rank of corporal. He is married and the father of four children. A character witness testified to his good reputation for honesty and to his being a law abiding citizen. He should receive a trial free of error. The evidence of the defendant's guilt falls far short of being so overwhelming as to justify overlooking the many errors as harmless. Especially is this so when we consider the rather harsh sentence imposed upon this first offender.