Burke, J. (concurring).
The defendant’s right to effective cross-examination of the prosecution’s chief witness was, of course, clearly prejudiced and that prejudice requires a reversal and a new trial. In addition, another gross error was committed upon the trial which should not be disregarded. On cross-examination, the first question asked of Kass was “is it a fact that right now you have misappropriated two diamonds worth about $4,000 from a jeweler in New York City? ” *128 Defense counsel’s initial objection was withdrawn but it was reasserted when questioning on this matter continued. In a colloquy with the court out of the presence of the jury, the prosecutor protested his ‘ ‘ good faith ’ ’ in asking the question and told the court that an attorney for the jeweler had called him to say that Kass had the diamonds pursuant to a memorandum giving him seven days to examine them and make a choice and that they were, at the time of the call, overdue. The prosecutor further told the court that ‘ ‘ the jeweler came all the way out yesterday and I didn’t really get a chance to speak to him except for just a —just a very brief moment, and he went with Mr. Kass to see if he could get his diamonds back. * * * I don’t know what arrangements happened to happen yesterday afternoon with Mr. Kass.” The court reserved decision on the defendant’s motions for a mistrial and to strike the questions but later denied them outside the presence of the jury. The trial court committed reversible error in permitting the prosecution to ask defendant Kass, in the first question on cross-examination, whether “ right now you have misappropriated two diamonds worth about $4,000 from a jeweler in New York City? ” and in denying defendant’s motions for a mistrial and to strike the questions. Once again, we are called upon to review the permissible lengths of cross-examination of a criminal defendant as to “ specific acts of misconduct.” (People v. Alamo, 23 N Y 2d 630, 636). The ground rules are by now clear: the prosecution is permitted to cross-examine the defendant as to prior acts of misconduct in an effort to affect his credibility, provided that the prosecutor does so in “ good faith ” and had a “ reasonable basis in fact ” for inquiring into particular “misconduct ” (People v. Alamo, 23 N Y 2d 630, supra; People v. Sorge, 301 N. Y. 198, 200). Clearly, however, the prosecution’s mere protestation of “ good faith” is insufficient when the objective facts indicate that, as a reasonable man, and particularly, as an officer of the court, there is no reasonable basis for implying, by means of a question, that the defendant has, in fact, committed the act about which he is being questioned. In this case, the prosecutor himself admitted that he had spoken to the jeweler, who had given the stones to the defendant on a seven-day examination basis, for only ‘ ‘ a very brief moment ’ ’, and that he did not know whether *129 or if the defendant and the jeweler had made arrangements for the return of the diamonds. By his own admission, all the prosecutor knew was that the defendant had the diamonds on a “ consignment ” from the jeweler and that they were apparently overdue in being returned. Nonetheless, the question put to the defendant, impliedly at least, contained the conclusion that the diamonds had been “ misappropriated.” Inquiry of the jeweler would have indicated that the jeweler wanted only to speak to Kass about returning the diamonds and that the jeweler himself did not consider that the stones were anything but late in being returned. The jeweler’s affidavit on defendant’s posttrial motion for a new trial indicates that the jeweler spoke to the prosecutor who was trying the case on the morning of April 18 and told him specifically that he had an appointment for the following day with Kass to have the diamonds returned (and they were, in fact, returned the following day). Despite this, on that same morning of April 18, the challenged question was asked of the defendant. In these circumstances there was neither the required ‘ ‘ good faith ’ ’ nor the required “ reasonable basis in fact ” for the question asked and its import was clearly prejudicial to the defendant, whose credibility was crucial to his defense.
Judges Scileppi, Bergan and Breitel concur with Judge Jasen; Judge Burke concurs in a separate opinion in which Chief Judge Fuld concurs.
Judgment reversed and a new trial ordered.