■ CARL NELSON, Appellant, v. THOMAS CRANE et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff (1) appeals from an' order of the Supreme Court, Queens County, dated December 19, 1967, which denied his motion, *inter alia,* to vacate the dismissal of the action as an abandoned cause (CPLR 3404) and (2) appeals, as limited by his brief, from so much of an order of said court dated February 14, 1968 as, on reargument, adhered to the original decision. Appeal from order of December 19, 1967 dismissed, without costs. That order was superseded by the order on reargument. Order of February 14, 1968 affirmed insofar as appealed from, without costs. No opinion. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ FRANCES J. O'ROURKE, Respondent, v. RAYMOND J. O'ROURKE, Defendant, and WOOD, WALKER & Co., Appellant.— In an action *inter alia* to recover damages for conversion, the appeal is from so much of an order of the Supreme Court, Nassau County, entered April 9, 1969 in Suffolk County, as denied appellant's cross motion to dismiss the complaint pursuant to CPLR 3211 (subd. [a]). Order reversed insofar as appealed from, on the law, with $10 costs and disbursements; cross motion granted; and action as against appellant severed. In our opinion, the trading authorization executed by respondent, which authorized appellant to follow respondent's husband's instructions in every respect and authorized her husband to act for her with the same force and effect as she might act herself with respect to all things necessary or incidental to the furtherance or conduct of purchases, sales or trades of securities, and which ratified and confirmed any and all transactions thereafter made by her husband, impliedly authorized appellant to deliver a check for the proceeds of transferred stock to respondent's husband. There is no conversion where delivery of property is made by an agent to one other than the owner for the accomplishment of the agency, with the implied consent of the owner (cf. *Procter & Gamble Distr. Co.* v. *Lawrence Amer. Field Warehousing Corp.,* 22 A D 2d 420, 426, revd. on other grounds, 16 N Y 2d 344; see 10 N. Y. Jur., Conversion, § 39). Appellant's check was made payable solely to respondent; and appellant was entitled to rely on the fact that it could not be transferred or paid except on respondent's order (cf. *Cohen* v. *Lincoln Sav. Bank,* 275 N. Y. 399, 410). Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FURMAN GRAY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 19, 1968, convicting him of robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Brennan, Rabin and Hopkins, JJ., concur; Christ, J., dissents and votes to reverse the judgment, on the law, and to order a new trial, with the following memorandum: As I read the record, the intensity, scope and persistence of the prosecutor's questions in cross-examining defendant with respect to the details of the offense leading to a prior conviction were designed, as appears from the prosecutor's summation, not merely to attack defendant's credibility but to show a propensity on his part to commit the crimes charged in the indictment. In my opinion, such conduct on the part of the prosecutor was improper and constituted error; and, since it cannot be said that the. jury was not influenced thereby to defendant's prejudice, a new trial is required (*People* v. *McKinney,* 24 N Y 2d 180; *People* v. *Sorge,* 301 N. Y. 198; *People* v. *Childers,* 28 A D 2d 725, and cases therein cited).