■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM McKINLEY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 19, 1971 on resentence, convicting him of burglary in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No questions of fact were presented on this appeal. Defendant was cross-examined at the trial concerning eight prior arrests, three of which occurred in Brooklyn and the remaining five of which took place in other jurisdictions. These prior arrests appeared on a "print-out" record, but no final dispositions for them appeared on the "print-out". The questioning of defendant concerning these arrests with open dispositions was permitted by the trial court over defendant's objections. This case is distinguishable from *People* v. *Sorge* (301 N. Y. 198), relied on by the People, in that in *Sorge* the Court of Appeals held proper the cross-examination of the defendant concerning the commission of prior specific criminal or immoral acts. In the case at bar, the questioning concerned defendant's prior *arrests*, rather than past criminal or immoral acts. We are of the view that the questioning in the present case concerning the prior arrests was improper, even though the prosecutor claimed he did not have knowledge of the dispositions of the arrests and consequently was cross-examining in good faith. Three of the arrests, those which occurred in 1955, 1969 and 1970, occurred in Brooklyn; and, at least as to these, the prosecutor could have obtained further information by consulting the records in his own office. The Assistant District Attorney's claim of good faith is cast in grave doubt by his failure to ascertain the result of these arrests. Further evidence of the prosecutor's lack of good faith may be gleaned from his refusal to permit defendant's attorney to look

at the arrest record to which he had referred while conducting the cross-examination, which cross-examination was clearly designed to convince the jury that defendant had in fact been convicted of the crimes about which he was inquiring. Despite the fact that defendant on cross-examination admitted that convictions had resulted from three of the arrests, it cannot be held that the error involved in permitting the cross-examination was harmless beyond a reasonable doubt (CPL 470.05; *People* v. *Schwartzman,* 24 N Y 2d 241). This is a far different situation than that in *Schwartzman,* where the " harmless error " rule was applied by the Court of Appeals in circumstances where cross-examination of the defendant concerning some 21 other similar fraudulent transactions was proper and where the error consisted in cross-examination with respect to only one charge which had been dismissed at trial. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.