■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDREW MATTHEWS, Appellant.— Judgment unanimously affirmed. Memorandum: On this appeal, the appellant questions the District Attorney's attempt to impeach his credibility by questioning him about a prior illegal act. During cross-examination, the appellant denied having previously carried a gun. The District Attorney then produced a statement in which appellant admitted carrying a gun and which he had signed during investigation of a prior youthful offender proceeding in 1969. This statement was marked and used to refresh appellant's recollection. It was not offered or received in evidence. Out-of-court evidence relating to a youthful offender proceeding may be used under the general rule allowing questions to a defendant concerning any prior illegal or immoral act to contradict specific testimony in subsequent criminal proceedings. (*People* v. *Vidal*, 26 N Y 2d 249; *People* v. *Hurst*, 10 N Y 2d 939, affg. 13 A D 2d 821.) Furthermore, the general rule permits a prior confession to be used in this way if the defendant denies the prior act. (*People* v. *Sorge*, 301 N. Y. 198.) (Appeal from judgment of Erie County Court convicting defendant of possession of a weapon as a felony.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Simons, JJ.

■ In the Matter of JOHN KUNST, Petitioner, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.— Petition granted and determination unanimously annulled with costs. Memorandum: The petitioner's license as a real estate broker has been revoked pursuant to section 442-c of the Real Property Law based upon evidence that his salesman, Frawley, violated the rules of the Department of State (19 NYCRR 175.8) by selling property subject to the exclusive listing contract of another broker. The evidence contained in the record does not support a finding that petitioner had actual knowledge of Frawley's misconduct and no other finding was made by the hearing officer which would impose responsibility upon petitioner for his salesman's misconduct under the statute. (Review of determination revoking broker's license transferred by order of Onondaga Special Term.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Simons, JJ.