John S. Lookman, J.
Prior to trial, the defendant, Harley, through his - attorney, moves, pursuant to CPL 610.20, for a subpoena duces tecum directing the Nassau County Police Commissioner to produce fingerprint and any other criminal records of the defendant, his codefendants and certain named potential prosecution witnesses. The basis for this relief is that the *980 records sought are necessary to attack the credibility of the witnesses on cross-examination.
On November 14, 1973, we denied a motion by the defendant for a subpoena duces tecum of personnel records of certain named detectives in the Nassau County Police Department. We based that decision upon the reasoning of Judge Gibbons of this court in People v. Fraiser (75 Misc 2d 756), when he refused to issue a subpoena duces tecum:
1. “ Documents are not subject to inspection for the mere reason that they will be useful in supplying a clew whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves (Falco v. N. Y., N. H. & H.R.R. Co., 16 App. Div. 735, 737; Woods v. De Figaniere, 25 How. Pr. 522, 526, 527; Knight v. Marquess of Waterford, 2 N & C Ex. 22, 36).” (People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24, 29.)
2. Collateral matters, such as the impeachment of a witness by disclosure of his misdeeds can only be established by questioning the witness — not by extrinsic evidence. (People v. Sorge, 301 N. Y. 198, 200; People v. McCormick, 303 N. Y. 403.)
Here, however, the subpoena does not request records that may contain “ bad acts ” — which are not evidence in themselves. (People v. Sorge, supra.) Bather, it seeks the criminal records of the defendants and certain potential witnesses.
CPL 60.40 (subd. 1) provides: “ If in the course of a criminal proceeding, any witness, including a defendant, is properly asked whether he was previously convicted of a specified offense and answers in the negative or in an equivocal manner, the party adverse to the one who called him may independently prove such conviction. If in response to proper inquiry whether he has ever been convicted of any offense the witness answers in the negative or in an equivocal manner, the adverse party may independently prove any previous conviction of the witness.” (Emphasis added.) Thus criminal records are extrinsic evidence and available by subpoena dues tecum. (CPLR 4513; Richardson, Evidence [9th ed.], § 518.)
However, a subpoena duces tecum may not be used for discovery or to ascertain the existence of evidence. (Matter of Saratoga Harness Racing Assn. v. Monaghan, 9 Misc 2d 868, 872; Cataldo v. County of Monroe, 38 Misc 2d 768, affd. 19 A D 2d 852; People v. Coleman, 75 Misc 2d 1090.) Therefore, the subpoena must provide for the delivery to the Clerk, Part IX, County Court, of either (1) the records requested in a sealed envelope inscribed with a notice that the envelope may be opened only by court order or (2) a stipulation by the Police Commis *981 sioner, District Attorney, or their representative, that the witnesses’ records will be produced at the appropriate time during cross-examination. (See CPL 60.40, subd. 1.)
Submit subpoena, on notice in accordance with Criminal Procedure Law and the Civil Practice Law and Rules.