■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND PRESIDENT, Appellant.— Appeal from a judgment of the Supreme Court, Queens County, rendered May 30, 1973, convicting defendant of criminal possession of weapons and dangerous instruments and appliances as a felony, upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed three years. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. No issue as to the facts was raised and none was considered on this appeal. At the trial, defendant elected to take the stand and testify in his own behalf, thereby exposing himself to cross-examination concerning prior vicious or criminal acts, including prior convictions, which might have a bearing on his credibility (*People* v. *Sorge*, 301 N. Y. 198; *People* v. *Moore*, 42 A D 268, 272–273). While the scope of such cross-examination is generally best left to the sound discretion of the Trial Judge (*People* v. *Duffy*, 44 A D 2d 298; *People* v. *Sandoval*, 34 N Y 2d 371; *People* v. *Schwartzman*, 24 N Y 2d 241, cert. den. 396 U. S. 846; *People* v. *Sorge, supra*), we believe that under the circumstances here present the Trial Judge improvidently exercised that discretion by permitting the disclosure on cross-examination of a 30-year-old manslaughter conviction. That conviction had its genesis in a plea of guilty entered by defendant, on the advice of counsel, to charges growing out of a " gang fight " which occurred in about 1943. The disclosure was magnified by the prosecutor in his summation when he stated: " This man [defendant] over here is a killer ". That statement supports the conclusion

that the manslaughter conviction was offered, not to attack defendant's credibility, but to show a vicious propensity and likelihood to commit the instant crime. Proof of a 1943 manslaughter conviction had no logical bearing on defendant's credibility at a 1973 trial. We are of the view that the admission of proof of that conviction was highly prejudicial and requires a new trial. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.