■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMOS WATSON, True Name BERNARD HIGGINS, Appellant.—Judgment, Supreme Court, New York County, rendered December 12, 1973, sentencing defendant-appellant to a term of not less than 8⅓ nor more than 25 years, after conviction by a jury of manslaughter first degree, reversed, on the law, and in the interest of justice, and the case remanded for a new trial. The evidence presented a close question of fact as to whether defendant's fatal stabbing of one Roper was justified in defense against attack by Roper and one Morton, the latter a witness for the People. It was defendant's claim that Roper had beaten him while Morton held him following a heated argument, that Roper had then produced a knife which defendant wrested from him, and stabbed Roper to death. We discuss first certain points raised by appellant which do not impress us. The sentence is not excessive when it is considered that defendant here committed his second killing. Defense counsel does not appear, as one sees it in the cold record, to have been incompetent; the charged failures to object at certain times could easily have been tactical choices, deliberately made. The court's submission of manslaughter, first degree, under "extreme emotional disturbance" was justified by the evidence, even in the face of the defense of justification.

However, we believe that reversible error was committed, to defendant's substantial prejudice, when the District Attorney was permitted to read into the record a stenographic transcript of defendant's confession to an Assistant District Attorney of a stabbing of which he had been convicted more than a decade and a half earlier, and which closely resembled the case in which he was then on trial. Defendant admitted his plea of guilty to the earlier crime. That should have been sufficient for purposes of attack on credibility—the only legitimate purpose of an inquiry into a prior conviction (*People v Sandoval*, 34 NY2d 371). However, when defendant endeavored to explain his plea by stating that his choice was between so pleading while innocent and running the risk of a 30-year term if convicted, this collateral matter was then blown up by the introduction of the damning statement, pursued further and further in complete detail. The close similarity between the facts of this and his earlier case virtually guaranteed a prejudicial effect. This not alone; it was compounded by the court's interjection of disbelief that an innocent defendant pleaded guilty. While the use of the statement is attempted to be justified by the defendant's assertion of innocence, the matter is no less collateral. The use of the statement was improper and prejudicial beyond argument. (See *People v McCormick,* 303 NY 403.) A new trial is called for. Concur—Stevens, P. J., Markewich and Lynch, JJ.; Capozzoli and Nunez, JJ., dissent in a memorandum by Nunez, J., as follows: Introduction into evidence of the details of defendant's confession to an earlier knife homicide did not deny defendant a fair trial. Defendant admitted the stabbing with which he is presently charged. At trial the sole issue was whether defendant's acts which resulted in the decedent's death were justified as performed in self-defense. In *People v Crimmins* (36 NY2d 230), the Court of Appeals provided guidelines to determine the effect on a trial of nonconstitutional errors. The threshhold question to be considered is whether guilt would be proven if the error were excised. In the case at bar proof of guilt is overwhelming, even absent the alleged error. The victim was stabbed 12 times. Defendant had the opportunity to escape the altercation prior to delivering the fatal blows. Even if the victim had a knife, as alleged by defense witnesses, the victim had surrendered it prior to the fatal blows. Where conflicting testimony exists, the jury, which has the opportunity to evaluate the witnesses, is the proper body to determine who is telling the truth. However, the inquiry of the appellate court does not stop with the determination of guilt. An evaluation must now be made of the potential of the error for prejudice to the defendant. The test adopted in *People v Crimmins (supra,* p 242), is: "if the appellate court concludes that there is a significant probability, rather than only a rational possibility, in the particular case that the jury would have acquitted the defendant had it not been for the error or errors which occurred." In the case at bar, there does not exist a significant probability that without introduction of the confession defendant would have been acquitted. A defendant, like any witness, may be questioned upon cross-examination as to any act or thing which may discredit him, *People v Webster* (139 NY 73, 84). It is not improper for a prosecutor, acting in good faith, to continue his cross-examination about a specific crime after defendant has denied committing it, *People v Sorge* (301 NY 198). An exception to the general rule that collateral evidence cannot be admitted to contradict defendant's denials, allows introduction of evidence to prove any previous conviction denied or equivocated to by the defendant (CPL 60.40, subd 1; *People v Sorge, supra).* However, in *People v Sandoval* (34 NY2d 371), decided after the trial herein, the Court of Appeals approved of pretrial

motions to request a determination of when, and to what extent, cross-examination would be permitted with respect to prior convictions. The court thereby limited the scope of cross-examination previously permitted, notably as allowed by *People v Sorge (supra)*. In establishing the boundaries, the court noted that it is inevitable, and thus not determinative, that evidence of prior criminal conduct will always be detrimental to the defendant. The evidence will influence the jury and therefore that effect will not help in the analysis of whether the evidence should be allowed. The issue to be resolved is whether the evidence will deprive defendant of a fair trial. At issue is not whether evidence of the conviction was improper, but whether the introduction of the details of the confession deprived defendant of a fair trial. The fear expressed in *People v Schwartzman* (24 NY2d 241, cert den 396 US 846), that reference to a prior conviction may have no purpose other than to show a defendant is of a criminal bent and thus likely to have committed the crime charged, is mollified herein by defendant's admission of the stabbing. To be determined is whether defendant was truthful in his claim of self-defense. That determination rests upon his credibility, not upon his previous criminal acts except as those acts affect his credibility. Even after defendant's confession was read, defendant continued to proclaim his innocence of the earlier stabbing. The thrust of the cross-examination to refute defendant's denials, where defendant admits committing the acts charged, strikes at defendant's credibility that his acts were in self-defense, and is not an attempt to prove a criminal bent. In this context, introduction into evidence of the confession did not deprive defendant of a fair trial.