Gabrielli, J. (dissenting).
The defendant’s conviction for the crime of reckless driving should be sustained. The testimony at trial revealed, and the jury implicitly found, that the defendant harassed the complainant with his automobile while she was driving north on Route 78 in Niagara County by continually and suddenly speeding up and then abruptly *299 stopping directly in the front and also to the rear of complainant’s automobile. A State trooper whom the complainant was finally fortunate enough to encounter, described her condition as "hysterical” as she related the incident to him. Both the defendant and complainant testified that they had never before met and that complainant had done nothing to provoke the defendant in the operation of his automobile in such an erratic manner. The defendant admitted stopping at two taverns and having a drink at each before the incident occurred.
It is a firmly established maxim that "The nature and extend of cross-examination is subject to the sound discretion of the Trial Judge” (People v Schwartzman, 24 NY2d 241, 244; People v Sandoval, 34 NY2d 371, 375; People v Sorge, 301 NY 198). This is particularly true with respect to impeaching a defendant witness by the use of prior convictions. Thus, in People v Sandoval (supra), we provided that the Trial Judge may render a threshold ruling with respect to the admissibility of prior convictions to impeach the defendant’s credibility. In this case, I believe the Trial Judge, in exercising his authority to make such a preliminary determination, may properly have concluded that defendant’s prior conviction for reckless driving, less than two years before the instant charge, demonstrated his disposition "to further self-interest at the expense of society or in derogation of the interests of others” and thus was relevant to his credibility as we stated in both People v Sandoval (supra, p 377) and People v Duffy (36 NY2d 258, 262). Operating a motor vehicle in a reckless manner, dangerous to both pedestrians and motorists using the highways, reveals a desire to disregard the interests and safety of other members of society. As we held in Sandoval (supra, p 377), such a "demonstrated determination * * * goes to the heart of honesty and integrity”. I would therefore conclude that the Trial Judge’s determination to permit introduction of the defendant’s prior conviction for reckless driving should not be disturbed and, consequently, the fact that defense counsel elected to have the defendant reveal this conviction on direct examination was not reversible error.
In view of the admissibility of the conviction of the crime of reckless driving, the conceded error in holding admissible defendant’s prior convictions for two minor traffic infractions was harmless error. It strains credulity to argue that there was a "significant probability” that the defendant would have *300 been acquitted of the reckless driving charge if these convictions for making an improper right turn and unsafe backing were not revealed to the jury on direct examination.
Futhermore, I do not find error in the questioning of the defendant with respect to his visits to a local tavern on the day of the incident since the fact that defendant imbibed alcoholic beverages is certainly relevant in this case to his state of mind and, in particular, the element of recklessness. Futhermore, evidence that the defendant was under the influence of alcohol at the time of the incident giving rise to the reckless driving charge was properly admissible to impeach his testimony with regard to what occurred (People v Webster, 139 NY 73, 86-87; Richardson, Evidence [10th ed], § 507, pp 497-498; 3 Wigmore, Evidence [3d ed], § 933, p 480). Any alleged error in questioning the defendant with respect to his habit or custom of frequenting certain taverns in the area was not preserved for appellate review since defense counsel objected to this line of questioning only after the prosecutor had already elicited from the defendant the response that he frequented a particular tavern every day. Only when the prosecutor asked the defendant whether he frequented other taverns did defense counsel object. In sum, I find that no reversible error occurred in the course of defendant’s trial and would therefore affirm the reckless driving conviction.
Judges Wachtler, Fuchsberg and Cooke concur with Judge Jones; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Chief Judge Breitel and Judge Jasen concur.
Order reversed, etc.