■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS FRAZIER, Appellant.—Judgment unanimously reversed, on the law, and new trial granted. Memorandum: In his appeal from a judgment of conviction for intentional murder and felony murder arising out of a shooting death which occurred during a gas station holdup on July 28, 1968, defendant raises several issues. We address one which, in our judgment, requires a reversal and a new trial.

The People's case against defendant was based on circum-

stantial evidence and depended upon proof linking defendant to the murder weapon. An essential part of this proof was the testimony of Nathaniel Graves, who testified to defendant's possession of the murder weapon on August 16, 1968 when, according to his testimony, defendant gave him possession of the weapon and ordered him to carry it inside the Kianoff Laundry for the purpose of staging a holdup. Defendant repeatedly objected to the receipt of any evidence relating to the Kianoff Laundry incident because he had been prosecuted for and acquitted of several charges stemming from the incident, including attempted robbery, coercion, possession of a loaded weapon and conspiracy. Defendant urged that the acquittal on the loaded weapon charge established conclusively that he had not been in possession of the murder weapon on August 16, 1968. Because the minutes of the Kianoff Laundry trial could not be located, defendant twice specifically requested that a hearing be held to ascertain what issues had been determined by the acquittal verdicts in that trial. For a proper analysis of defendant's collateral estoppel contention, it was essential to know whether the People had established in the Kianoff Laundry trial that the weapon allegedly in defendant's possession was loaded. The acquittal on the weapon possession charge could have been based on the prosecution's failure to show that the weapon was loaded rather than on the jury's finding that defendant had not been in possession of it. The court, without discussion of the need for a hearing, summarily rejected defendant's requests and denied his objections to receipt of the Kianoff Laundry evidence. This was error. No reason is given for not calling the Assistant District Attorney or the defense counsel who had participated in the Kianoff Laundry trial or, for that matter, the presiding Judge. A hearing should be held prior to the retrial for the purpose of reconstructing so much of the record as may be necessary to ascertain whether it was established that the gun was loaded and to develop whatever else may be necessary for a proper determination of the collateral estoppel issue.

We observe that in the testimony offered to establish defendant's possession of the weapon on August 16, 1968, the People went well beyond what was required for proof of that fact and were permitted to show fully the circumstances of the Kianoff incident. As a result, irrelevant and prejudicial testimony showing that defendant had engaged in unrelated criminal conduct came before the jury (see, People v Sandoval, 34 NY2d 371, 375; People v Fiore, 34 NY2d 81, 84; People v

*Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846; *People v Sorge,* 301 NY 198). The unfairness of permitting such proof was compounded by the fact that defendant had been prosecuted for and acquitted of all charges stemming from his conduct. In retrial, proof, if it is allowed, should be limited strictly to what is necessary to establish the fact of possession. (Appeal from judgment of Niagara County Court, Honan, J.—murder, second degree.) Present—Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ.