■ In the Matter of ERIC H., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Greenbaum, J.), dated October 31, 1985, which, upon a fact-finding order dated October 2, 1985, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the third degree, criminal possession of stolen property in

the third degree, and criminal mischief in the fourth degree, placed him with the New York State Division for Youth, Title II, for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A review of the record indicates that there was proof beyond a reasonable doubt that the appellant had committed an act which, if done by an adult, would have constituted the crime of criminal mischief in the fourth degree in violation of Penal Law § 145.00 (1).

At the fact-finding hearing three Transit Authority police officers testified that on September 23, 1985 they were part of a decoy detail which was assigned to the Fulton Street, Brooklyn subway station of the GG train. Two of the officers testified that the appellant grabbed a chain with a Zodiac medallion from the neck of undercover Police Officer Marilyn Scahill. The appellant, when apprehended several feet away, dropped the chain and medallion onto the station platform.

We reject the appellant's contention that there was no proof that he had actually damaged the chain. The fact-finding court found that the clasp on the chain had been broken. In addition, Officer Scahill testified that she "felt the chain snap" and "break" when the appellant grabbed the chain from her neck.

We also reject the appellant's contention that the requisite intent to damage the chain was not proven beyond a reasonable doubt. The record clearly indicates that the appellant quickly grabbed the chain which was secured around Officer Scahill's neck and then ran. Obviously the breaking of the clasp ensured the fastest removal of the jewelry from the officer's person. We agree with the fact finder that the appellant's actions clearly demonstrate the intent to damage the property of Officer Scahill.

Although the appellant argues that the court "totally precluded" cross-examination of the undercover police officers as to their possible motives to testify falsely, the record clearly indicates no such preclusion. Rather, the court properly exercised its discretion as to the scope and extent of the cross-examination (see, People v Sorge, 301 NY 198, 202). Brown, J. P., Niehoff, Eiber and Sullivan, JJ., concur.