■ TAFRINE A. CARR, as Administratrix of the Estate of JOHNIE ATCHISON, Deceased, Respondent, v U.S. MATTRESS CORP. et al., Appellants.—Judgment, Supreme Court, New York County (Jan H. Plumadore, J., at trial on liability; Andrew Ryan, Jr., J., at trial on damages), entered July 17, 1989, which, upon a jury verdict apportioning liability between plaintiff at 35% and defendants at 65% and assessing damages in the amount of $275,000, awarded judgment to plaintiff in the sum of $180,550.58, inclusive of interest, costs, and disbursements, unanimously affirmed, with costs and disbursements.

In this personal injury action, the decedent died prior to trial, after having been deposed. Counsel for plaintiff, the administratrix of decedent's estate, declined to use decedent's deposition as evidence-in-chief at trial, recognizing the possibility that defendants might seek to impeach decedent by use of prior convictions. On their case, defendants read into evidence portions of decedent's deposition, unrelated to decedent's version of the accident. The trial court precluded defendants from introducing into evidence decedent's convictions.

Although defendants did not make decedent their own witness by introducing his deposition testimony (CPLR 3117

[d]), the court committed no abuse of discretion in precluding use of the prior convictions. *(People v Sorge,* 301 NY 198.) Defendants were properly precluded from a general attack upon decedent's credibility, especially since it appears that the deposition was introduced solely to place decedent's record before the jury.

The court properly charged the jury not to consider whether decedent had been under the influence of drugs or controlled substances at the time of the accident, since there was no evidence at trial to support such a view. *(Amaro v City of New York,* 40 NY2d 30.) The verdict on liability is not subject to attack by defendants because two of the jurors, during deliberations, took a 10-minute smoke break. Absent any indication that any impropriety occurred, their short absences from deliberations create no defect. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.