■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST CLAXTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered June 4, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolu-

tion of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury (see, *People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We find no merit in the defendant's contention that he was deprived of a fair trial by testimony elicited on the People's direct case of his activities immediately before the crime charged. The testimony elicited concerning the defendant's prior activities did not constitute evidence of uncharged crimes.

Moreover, the court properly exercised its discretion in limiting cross-examination of the police witnesses on matters which were plainly collateral to the material issues in the case (see, *People v Duncan,* 46 NY2d 74, 80, *cert denied* 442 US 910; *People v Sorge,* 301 NY 198, 202). Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.