■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH REED, Appellant. [649 NYS2d 132] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered July 8, 1991, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the second degrees, and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 6 to 18 years, 1 1/2 to 4 1/2 years, 3 to 9 years, and 1 1/2 to 4 1/2 years, respectively, unanimously affirmed.

Defendant's claim that the People failed to prove the "serious physical injury" element of second-degree assault (Penal Law § 120.05 [1]) is unpreserved for appellate review as a matter of law since he failed to raise it before the trial court (CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20). We decline to reach it in the interest of justice. Defendant's remaining contentions with respect to this count are without merit.

The court properly ruled that, if defendant took the stand in surrebuttal, the People could cross-examine him concerning the underlying specifics of his statements which the People introduced in their rebuttal case. Defense counsel's application, that the prosecutor be precluded from questioning defendant further should he deny making the statements, was nothing more than a thinly veiled attempt to thwart cross-examination. "[A] negative response by a defendant [does not] preclude further inquiry by the prosecutor in a legitimate effort to cause the defendant to change his testimony. Otherwise, a 'witness would have it within his power to render futile most cross-examination'." (*People v Schwartzman*, 24 NY2d 241, 244, *cert denied* 396 US 846, quoting *People v Sorge*, 301 NY 198, 201.) Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.