John J. Walsh, J.
This motion by the defendant Palermo to enjoin the District Attorney from cross-examining him as to his prior criminal record if defendant testifies in his own behalf on the pending trial is a novel one.
The general rule in this State is that a defendant who takes the witness stand and testifies in his own behalf in a criminal trial, waives the privilege against self incrimination and may be interrogated, like any ordinary witness, with regard to prior convictions or any criminal act affecting his credibility as a witness, the manner and extent thereof being largely within the discretion of the Trial Judge. (People v. Sorge, 301 N. Y. 198, 201-202.)
The defendant argues that fundamental fairness and due process require a re-examination of the New York rule in the light of recent developments in the application of constitutional rights to State procedure. He contends that he is faced with the dilemma of testifying in his own behalf and being prejudiced *289 by the evidence of his prior convictions or of remaining silent and being prejudiced by his silence, (See ‘ ‘ Impeachment of the Defendant-Witness by Prior Convictions ”, Saint Louis Univ. L. J., Winter 1967, pp. 277-286.)
The defendant relies upon Luck v. United States (348 F. 2d 763) and Gordon v. United States (383 F. 2d 936, cert, den., 390 U. S. 1029). Both of these cases establish the principle that the trial court may use his own discretion whether to allow or exclude such evidence of prior convictions, and that only when presented with a showing that this discretion has been abused will an appellate court reverse the lower court’s decision.
Accordingly, the defendant’s motion at this time is premature and will be denied.
It is interesting to note that, outside the District of Columbia, the Luck principle has received little attention. It was recently rejected by the Supreme Court of New Jersey. The New Jersey court in State v. Hawthorne (49 N. J. 130 [1967]) concluded that a statute nearly identical to the provision involved in Luck left no room at all for the operation of judicial discretion.
In People v. Kelly (68 Cal. Rep. 337), the California Court of Appeals held that section 788 of the California Evidence Code was not affected by the Luck doctrine. That section reads “ For the purpose of attacking the credibility of a witness, it may be shown by the examination of the witness or by the record of the judgment that he has been convicted of a felony ”, (See “Impeaching the Accused By His Prior Crimes — a New Approach to an Old Problem ”, Hastings L. J. March 1968, pp. 919-931. See “ Criminal Procedure — Judicial Discretion and Admissibility of Defendant’s Past Convictions to Impeach His Testimony ’ ’ Catholic Univ. L. Rev., Spring 1968, pp. 344-348.)
Section 2444 of the Penal Law as it existed prior' to September 1, 1967 read as follows: “ A person heretofore or hereafter convicted of any crime is, notwithstanding, a competent witness, in any cause or nroceeding, civil or criminal, but the conviction may be proved for the purpose of affecting the weight of his testimony, either by the record, or by his cross-examination, upon which he must answer any proper question relevant to that inquiry and the party cross-examining is not concluded by the answer to such question, except that a witness in a criminal cause or proceeding shall not be required to disclose a conviction for a traffic infraction as defined by the vehicle and traffic law, nor shall conviction therefor affect the credibility of such witness in any cause or proceeding.”
*290 This section was in effect repealed by the Revised Penal Law and has not been transferred to any other statute. A similar provision is contained in CPLR 4513, but, by CPLR 101 such rule applies to civil judicial proceedings.
It is interesting to note that section 30.60 of the proposed Mew York Criminal Procedure Law clarifies present section 393-c of the Code of Criminal Procedure and permits the prosecution to independently prove a conviction where any witness, including a defendant, denies a specific previous conviction or testifies that he has never been convicted of an offense. The Staff Comment states that this proposed section “ is not addressed to questions of when and to what extent a defendant may be questioned concerning prior convictions.”
Thus, it would appear that the statutes no longer give the prosecution the absolute right in Mew York State to question a defendant as to previous convictions.
To what extent, if any, the case of People v. Sorge (301 N. Y. 198, supra) depended upon the statutory provision of the previous section 2444 of the Penal Law (see 301 N. Y. 198, 201) will probably have to await appellate review or legislative action.
Motion is denied on the ground that it is prematurely made.