William C. Brennan, J.
This is a motion to restrain and enjoin the District Attorney from cross-examining or interrogating defendant concerning his prior record. CPL 60.40 (subd. 1) provides: “1. If, in the course of a criminal proceeding, any witness, including a defendant, is properly asked whether he was previously convicted of a specified offense and answers in the negative or in an equivocal manner, the party adverse to the one who called him may independently prove such conviction. If in response to proper inquiry whether he has ever been convicted of any offense the witness answers in the negative or in an equivocal manner, the adverse party may independently prove any previous conviction of the witness.”
In the Federal courts it has been held that “ a trial judge may prevent such use, if he finds that a prior conviction negates credibility only slightly but creates a substantial chance of unfair prejudice, taking into account such factors as the nature of the conviction, its bearing on veracity, its age, and the propensity to influence the minds of the jurors improperly.” (United States v. Palumbo, 401 F. 2d 270, 273.)
In Luck v. United States (348 F. 2d 763), referred to in Palumbo (supra), the court pointed out that (under 14 D. C. Code, § 305 [1961]), the fact of prior conviction may be given in evidence to affect credibility, and that such language leaves *68 room for the operation of a sound judicial discretion to play upon the circumstances as they unfold in a particular case.
The New York statute above quoted gives the discretion to the adverse party rather than to the court.
The motion is denied.