Leo Brown, J.
The issue to be determined on this motion is the extent to which the People may cross-examine a defendant, who takes the stand in a criminal case, as to prior criminal convictions.
Defendant, who is charged with criminal mischief in the third degree, moves to enjoin the District Attorney from cross-examining or interrogating him as to a prior conviction in the event that defendant takes the stand on the trial of this indictment. The court held a hearing on this motion at which it was estab *541 lished that in 1964 defendant pleaded guilty to a charge of simple assault and received a six months ’ suspended sentence, and that in the eight intervening years between that conviction and the present indictment, defendant has never run afoul of the law. The court rendered -a brief oral decision on the hearing granting defendant’s motion, but the importance of the issue and the dearth of New York cases on the subject mandate a more extended opinion.
Subdivision 1 of CPL 60.40 provides as follows: If in the course of a criminal proceeding, any witness, including a defendant, is properly asked whether he was previously convicted of a specified offense and answers in the negative or in an equivocal manner, the party adverse to the one who called him may independently prove such conviction. If in response to proper inquiry whether he has ever been convicted of any offense the witness answers in the negative or in an equivocal manner, the adverse party may independently prove any previous conviction of the Witness. ’ ’ (Emphasis added.)
This section was recently construed by Mr. Justice Brennax of this court in People v. Pritchett (69 Misc 2d 67) wherein he held that the statute vests discretion in an adversary party, but not in the court, to determine the propriety of cross-examination concerning a prior criminal conviction.
In the opinion of this court, and with all due deference to my learned colleague, subdivision 1 of CPL 60.40 does not divest the court of discretionary power to bar cross-examination as to a defendant’s prior criminal conviction. It has been held in other jurisdictions that in the absence of a mandatory statute requiring the trial court to permit cross-examination as to a prior conviction, the court may in its discretion refuse to admit such evidence. (Luck v. United States, 348 F. 2d 763; People v. Beagle, 6 Cal. 3d 441.) Similar to the statutes considered in Luck and Beagle and those cited in them, the New York statute does not contain any mandatory direction; it merely sets forth the mechanics for proof of the prior convictions in the event that the defendant fails to admit the conviction in a “ proper ” case. (See Denzer’s Commentary in McKinney’s Cons. Laws of N. Y., Book 11 A, CPL 60.40, p. 256.) Thus, under our statute, the court may in the exercise of its discretion determine the propriety of cross-examination as to a prior conviction in a particular case.
The cases reflecting this liberalized trend in permitting-the trial court to exclude evidence of prior convictions have enumerated the various factors to be considered by the court in thus exercising its discretionary power.
*542 In United States v. Palumbo (401 F. 2d 270, 273, cert. den. 394 U. S. 947) the United States Court of Appeals for the Second Circuit stated the rules as follows: “In short, we hold that a trial judge may prevent such use, if he finds that a prior conviction negates credibility only slightly but creates a substantial chance of unfair prejudice, taking into account such factors as the nature of the conviction, its bearing on veracity, its age, and its propensity to influence the minds of the jurors improperly.”
That court reiterated these standards in United States v. Puco (453 F. 2d 539, 542-543), wherein it also stated that assaults and other' crimes of violence did not bear directly on a defendant’s credibility. (See, also, People v. Beagle, supra.)
Applying these principles to the case at bar, the court in its discretion finds that the People should not be permitted to cross-examine defendant as to a single crime of violence committed eight years ago. (People v. Beagle, supra.)
The motion is granted.