(February 8, 1973)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVEN WILLIAMS, Appellant.— Judgment, Supreme Court, Bronx County, rendered January 10, 1972, convicting defendant of assault in the second degree, assault in the third degree, robbery in the second degree, and possession of a weapon as a misdemeanor and sentencing defendant to concurrent indeterminate terms of not less than 4 nor more than 12 years, affirmed. Although defendant advances

several grounds of supposed error we are all in accord that only one of these merits any discussion. Defendant testified in his own behalf. It is claimed that the cross-examination exceeded the bounds of propriety. A majority of the court does not so regard it. Defendant was cross-examined as to some five prior criminal or immoral acts. There is no claim that the questions were asked without basis. Under such circumstances the range of the cross-examination is largely in the discretion of the trial court (*People v. Sorge*, 301 N. Y. 198). We cannot say that that discretion was abused. Concur — Lane, Steuer and Tilzer, JJ.; Kupferman, J. P., and Murphy, J., dissent in the following memorandum by Murphy, J.: It is undisputed that an altercation occurred between defendant and a police officer in the building where defendant resided. Since each participant gave a different version as to who was the aggressor, a clear question of credibility was presented which the jury determined against the defendant. If this issue had been fairly presented, we would not quarrel with the jury's resolution of the testimonial inconsistencies. In our view, however, the credibility issue was not fairly presented. Approximately one half (about 60 transcribed pages) of defendant's cross-examination was devoted to efforts to impeach his credibility. Although defendant had one prior youthful offender adjudication, but no prior criminal convictions, he was questioned extensively regarding five prior criminal or immoral acts. While there appears to have been a sufficient basis shown for these questions, we nevertheless conclude that the unwarranted and disproportionate emphasis placed on these collateral acts deprived defendant of a fair trial as a matter of law. We recognize, of course, the general proposition that a defendant who elects to take the stand and to testify in his own behalf invites inquiry concerning any previously committed immoral, vicious or criminal acts. (Cf. *United States v. Palumbo*, 401 F. 2d 270, 273, cert. den. 394 U. S. 947; *United States v. Puco*, 453 F. 2d 539, 542; *People v. King*, 72 Misc 2d 540.) However, a balance must be struck "between the probative value of such proof and the danger of prejudice which it presents to an accused." (*People v. Schwartzman*, 24 N Y 2d 241, 247.) While the manner and extent of such cross-examination lies largely with the discretion of the Judge (*People v. Sorge*, 301 N. Y. 198), where, as here, it is apparent that testimony regarding these uncharged crimes had no probative value and was introduced solely to prejudice a jury by showing defendant's criminal disposition and violent nature, an appellate court should not hesitate to reverse a conviction for error in failing to exclude it. (*People v. McKinney*, 24 N Y 2d 180; *People v. Fair*, 35 A D 2d 519.) Accordingly, the judgment appealed from should be reversed and a new trial directed.