Fbedebic E. Hammeb, J.
Defendant moves for an order restraining the Queens County District Attorney from cross-examining him regarding prior criminal record of convictions.
The defendant maintains that he has critical evidence to offer in his own behalf and that by taking the witness stand he will expose his prior criminal record and not only nullify the value of his testimony but prejudice his case seriously. He seeks to limit possible impeachment of his testimony, requesting the court to restrain the District Attorney from cross-examining him concerning his conviction of specific crimes.
The general rule in this State regarding impeachment of a defendant is that one who takes the witness stand (including a defendant testifying on his own behalf)'waives the right against self incrimination and may be questioned like any ordinary witness with regard to prior convictions regarding his credibility as a witness (People v. Sorge, 301 N. Y. 198; CPLR 4513; Richardson, Evidence [9th ed.], § 518). Our statute grants the District Attorney the right to present evidence of a conviction in the event the witness denies ever having committed a specific crime (CPL 60.40, subd. 1; CPLR 4513).
The relief that this defendant now seeks has been characterized as a Luck application (Luck v. United States, 348 F. 2d 763). This doctrine is no stranger to the courts of our State having provoked much discussion and conflicting views. .
A brief review of the history of this doctrine is indicated.
The heart of the Luck doctrine is the right of the People to question a defendant as to whether he has previously been convicted of any specific offenses and to prove a specific criminal conviction if he denies same. The problem lies in the nature of this right. Does this court have discretion to review these convictions prior to or at trial or is this an absolute right in the hands of the prosecutor to be utilized when and in what manner *473 he desii.es? It has been generally held in New York that the defendant may be questioned regarding any prior convictions affecting his credibility, with the understanding that the extent of this examination was largely within the discretion of the trial court. However, heretofore, our courts have been reluctant to use this discretion at any time prior to trial and the question of defendant’s right to a preliminary hearing on this issue or upon what grounds he might have such a hearing, are largely unresolved. There appear to be no appellate rulings on these points. This court has examined the cases dealing with this question. The court in one case denied any discretionary power in the court and maintained that a Judge may not bar cross-examination (People v. Pritchett, 69 Misc 2d 67). Another view takes an intermediary position that, while the courts might possess such power, it can only be utilized by the trial court and that it would be premature to decide such questions in advance (People v. Palmeri, 58 Misc 2d 288). A concluding view maintained that CPL 60.40 (subd. 1) does not divest the court of discretionary power to bar cross-examination as to the defendant’s prior criminal conduct since the statute is not mandatory but permissive (People v. King, 72 Misc 2d 540). However, no guidelines were propounded upon which such relief might be granted.
Thus, the courts in New York have gone full circle, having taken an affirmative position (People v. King, supra), an intermediary position (People v. Palmeri, supra), and a negative position (People v. Pritchett, supra).
Nor, have the Federal courts from whence this doctrine originated been models of clarity in this regard. In the most pertinent decision (Luck v. United, States, 348 F. 2d 763, 768, supra), the court held: 1 ‘ The trial court is not required to allow impeachment by prior conviction every time a defendant takes the stand in his own defense. The statute, in our view, leaves room for the operation of a sound judicial discretion to play upon the circumstances as they unfold in a particular case. There may well be cases where the trial judge might think that the cause of truth would be helped more by letting the jury hear the defendant’s story than by the defendant’s foregoing that opportunity because of the fear of prejudice founded upon a prior conviction. There may well be other cases where the trial judge believes the prejudicial effect of impeachment far outweighs the probative relevance of the prior conviction to the issue of credibility.” An impressive number of other cases have followed this liberal view (Gordon v. United States, 383 F. 2d 936; United States v. Palumbo, 401 F. 2d 270; United *474 States v. Puco, 453 F. 2d 539; Jones v. United States, 402 F. 2d 639). However, it must be pointed out (1) that the original Luck decision arose out of the Federal court’s construction of a Washington, D. C. statute which gave discretionary power to the court; (2) that, while other Federal courts have followed the Luck doctrine, they are conflicting in their views as to why they have supported such doctrine — in some cases merely indicating that it was within the inherent power of the court (United States v. Palumbo, 401 F. 2d 270, supra); and (3) that after passage of nearly a decade the Luck doctrine still remains a minority view in the Federal courts.
If the courts have viewed this doctrine with mixed feelings, the law writers seem to have clearly sided with a more liberal view. Thus, McCormick on Evidence ([1954 ed.], § 43, p. 94) says: “On balance it seems that to permit * * * one accused of crime to tell his story without incurring the overwhelming prejudice likely to ensue from disclosing past convictions is a more just, humane and expedient solution ” and More-land on Modern Criminal Procedure ([3d ed.], p. 119), quotes with approval an article by Judge Walter B. Schaefer indicating : “ When an accused takes the stand in his own behalf he should be subject to impeachment only by proof of past crimes which directly bear on testimonial deception, such as perjury. Past convictions not in this category should not be admissible unless they are relevant to such purposes other than impeachment.” (Emphasis supplied.)
Having reviewed briefly the conflicting background on this doctrine, the court now turns to defendant’s legal contention. Briefly, it is requested that this court exercise its discretion and grant a hearing in this matter:
1. The statute is discretionary. CPL 60.40 (subd. 1) (CPLR 4513) grants the court such discretion and the court may legally review prior convictions and assess the relevancy of same in attacking credibility.
2. There are constitutional issues involved. The use of such prior convictions could be so detrimental to defendant as to literally deprive him óf his right 'to appear in his own behalf which could deny him the effective representation of counsel guaranteed by the Sixth Amendment.
3. A faihire to do so violates due process. Since the law grants the prosecutor the right to introduce evidence of conviction of any ■ crimes for the purpose of impeachment, the defendant should have the reciprocal right to at least contest *475 such crimes on the ground that they are not being offered for that purpose.
As regards defendant’s first point, this court must concede that the statute and its interpretations are, to say the least, ambiguous. However, a careful reading indicates that the statute, as presently worded, appears to grant the court the discretion to rule on whether “ any witness * * * is properly asked whether he was previously convicted of a specified offense”. (CPL 60.40, subd. 1.) Since in many cases the mere inquiry of a potential criminal act would in itself be improper as inflammatory to a jury, it would logically follow that a court, in limited situations, grant a pretrial hearing for the purpose of at least avoiding jury prejudice. Hence, in the absence of any clear appellate ruling on this point, and in the light of the conflicting New York cases, this court will read the statute as being discretionary.
Defendant’s second contention contains a degree of merit. If a constitutional issue is raised that is applicable to the States by virtue of the Due Process Clause, a State court is duty bound to explore such issues no matter how novel. It is obvious that defendant has a right to counsel (Douglas v. California, 372 U. S. 353) and that this right is applicable to the States under the Fourteenth Amendment (Gideon v. Wainwright, 372 U. S. 335). So it would follow that if the defendant raises a bona fide issue as to the effect that the introduction of prior convictions might have upon his trial, a court should at least grant a hearing to ascertain the merits, if any, of such contention. Logically, a defendant has as much right to complain of a denial of the Sixth Amendment as he does to challenge an unlawful search and seizure under the Fourth.
Defendant’s final contention is that due process permits him a hearing to challenge the propriety of cross-examination concerning a prior criminal record on the grounds that if he is denied such right the statute (CPL 60.40; CPLR 4513) becomes hopelessly one-sided and permits the District Attorney every advantage and the defendant none. Again, in analyzing this argument, the court finds some merit. On reading, the statute appears quite impartial in that it grants to either side the right to attack the credibility of each other’s witnesses. However, experience seems to indicate that the penalties attached to a lack of credibility are far greater in defendant’s case than in the People’s case. For if a jury disbelieves a witness speaking on behalf of the People, the repercussions simply appear to be an acknowledgment that such testimony lacks credibility and, *476 hence, carries little or no weight. However, if the jury disbelieves the defendant, there appears.to be the very real possibility that such disbelief may carry over into the main body of the case and becomes real to his detriment. Nor can a learned Judge’s prompt instruction to the jury always cure this, as Justice Jackson- said in this matter: ‘ ‘ the naive assumption that prejudicial effects can be overcome by instructions to the jury * * * all practicing lawyers know to be unmitigated fiction (Krulewitch v. United States, 336 U. S. 440, 453.) Thus, the statute in its practical application may weigh heavily in favor of the People. This factor might help explain why the People as a general rule see no need to make motions similar to the one now being made by defendant.
It is now clear that the current trend of the United States Supreme Court mandates some form of reciprocity. As “ the adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. We find ample room in that system, at least as far as ‘ due process ’ is concerned, for the instant Florida rule, which is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence.” (Williams v. Florida, 399 U. S. 78, 82). Further, the recent case of Wardius v. Oregon (412 U. S. 470) dictates that at least in the area of alibis there must be reciprocal discoveries. The State’s practice of denying lack of reciprocity was condemned as a violation of due process.
For the above-stated reasons, this court feels that a hearing is indicated and directs the defendant to appear before it on the 10th day of September, 1973 at 9:30 a.m. at Part X, 88-11 Sutphin Boulevard, Jamaica, New York, for the purpose of determining whether proof of defendant’s prior convictions would violate any rights granted by the State and/or guaranteed by the Federal Constitution. There appears to be little, if any, guidelines on what might be considered pertinent to such a hearing. This court recommends a consideration of those factors enumerated in Luck v. United States (348 F. 2d 763, 768, supra), which include the nature of the prior crimes, the length of the criminal record, the age and circumstances of the defendant, the potential prejudice such crimes would have on the jury and which could affect jthe defendant’s credibility and any other pertinent matters which counsel feels should be brought to the court’s attention.