Thomas S. Agresta, J.
Defendant seeks an order restraining the District Attorney from cross-examining him regarding specific prior convictions (Luck v. United States, 348 F. 2d 763).
*721 A hearing was held on September 12, 1973 and the court determined the facts to be as follows:
The defendant herein was indicted by a Queens County Grand Jury and charged with two counts of robbery in the first degree, assault in the second degree, and criminal possession of a dangerous drug in the sixth degree. His counsel has placed before the court the fact that the defendant has a prior criminal history, alleging:
1. That defendant in 1967 was granted youthful offender treatment in connection with a charge of possessing a prescription unlawfully (Public Health Law, § 3305).
2. A year later, in April, 1968, defendant was arrested for robbery in the first degree and pleaded guilty to petit larceny in November.
3. On February 14, 1972 defendant was arrested on a charge of possession of a weapon and loitering (Penal Law, § 240.35, subd. 6) and was sentenced to a conditional discharge after pleading guilty to loitering.
Defendant now moves to ‘ ‘ restrain the District Attorney and preclude .the people from introducing any evidence ’’with regard to the above convictions or the underlying acts which gave rise to them. It is his contention that, while the People would allegedly offer such convictions solely to impeach his credibility as a witness, the practical result would be to establish his guilt in relation to the present crimes. In effect, such evidence would influence the jury to believe that the man now on trial is either a habitual criminal or has a specific propensity for the crime of robbery with which he is now being charged. The defendant concludes that, because of this, the probative value of impeachment of his credibility is clearly outweighed by the prejudicial value before a jury. This, in defendant’s mind, constitutes a denial of the constitutional right to a fair trial.
The People, first, dispute the facts of defendant’s final conviction, pointing out that their records show that defendant on February 14, 1972 was indicted for possession of a weapon, pleaded guilty to same and received a sentence of probation for three years.
Next, they attacked the logic of his contentions, maintaining that the defendant has offered no legal basis to support them, nor cited any pertinent Supreme Court decision to establish the alleged violation of constitutional rights. Further, it is submitted that the defendant has presented no facts of any kind, other than the bare recital of his prior criminal history, which might indicate substantial prejudice or show unique harm by the admission of such crimes before a jury.
*722 It is the general rule in New York that a witness may be cross-examined with respect to any immoral, vicious or criminal act which may affect his character and show him to be unworthy of belief (People v. Webster, 139 N. Y. 73). Further, if 11 in the course of a criminal proceeding ” a witness, including a defendant, answers in the negative, the People may present independent proof of such conviction (CPL 60.40, subd. 1).
However, this power of inquiry is not unlimited and the extent of such examination lies “ largely within the discretion of the trial judge.” (People v. Sorge, 301 N. Y. 198, 201, 202.) This discretion in the past has been utilized only at time of trial (People v. Pritchett, 69 Misc 2d 67), although the courts have indicated that under proper circumstances a Judge might, in his discretion, permit an advance ruling (People v. Palmieri, 58 Misc 2d 288).
Exactly what constitutes appropriate circumstances is a question which has not yet been resolved by our appellate review, but, based upon experience, such a hearing should be granted only in those unique factual situations where a defendant (1) can show a valid, disputed issue of law by establishing that his prior convictions would violate a recognised constitutional right or create substantial prejudice to him, and (2) where a defendant can clearly show a pressing need for such a determination in advance of trial.
In regard to the first point, it is to be noted that since the defendant seeks this unusual relief, the burden of proof would normally fall upon him (Gordon v. United States, 383 F. 2d 936, 939) and, hence, it is incumbent that he clearly set forth in his moving papers the proposed criminal convictions that he seeks to bar, the date and courts of arrest and the ultimate disposition of same. Further, he should specify the exact relief sought for each crime and cite the statutory or case law and facts upon which he relies. General allegations of prejudice have never constituted proof of an issue and this is particularly so in an unusual case of this nature. Vague requests for relief based on general injustice might here give rise to the suspicion that a defendant is merely making a motion on the theory that he has nothing to lose or can, at the very worst, attain a preview of the District Attorney’s tactics by engaging in a “ fishing ” expedition.
In reference to the second point, establishing need for an advance ruling, it must be pointed out that our highest courts have clearly condemned preliminary hearings which are “ apart from the main trial, consume substantial amounts of time and *723 contribute to the delays in processing criminal cases 55 (People v. Ganci, 27 N Y 2d 418, 426), and which may be heard “ at the main trial if he [i.e. the trial judge] finds that doing so will not be prejudicial ” (p. 427). In light of this admonition, it is suggested that, while a Luck motion (supra) may be made in advance of trial and, if in the rare case it cannot be determined on the papers, a hearing must be granted, such hearing could be conducted at a side bar conference out of sight of the jury after close of the People’s case. This would grant the defendant his advance ruling without prejudice and expedite the work of the courts.
In light of the above, this court now turns to defendant’s first argument — that of constitutional violation. Basically, it is defendant’s contention that the mere introduction of his prior crimes is per se prejudicial and would deprive him of an impartial trial. Hence, the evidence should be barred under the Due Process Clause. Such reasoning appears without merit to this court. The defendant has cited neither authority nor precedent to support such a proposition. Our system of trial is clearly an adversary system. Under it, each witness who takes the stand exposes his past and present to scrutiny and a jury is entitled to consider all relevant factors in determining credibility, including a criminal history. This is clearly the law of New York (People v. Gorge, supra; Richardson, Evidence [9th ed.], § 518) and to overturn such an established doctrine on the ground of an alleged constitutional violation is stretching due process to the breaking point. Our Constitution grants a fair trial, not a flawless past.
. The second argument is to the effect that the specific convictions of larceny and possession of a weapon would, in the case at bar, cause unique prejudice in that the defendant is being charged with similar crimes of robbery and assault so that the net effect of this evidence would be to establish a pattern of specific criminal acts on the part of the defendant. This argument is equally nebulous and must fall for lack of proof. It is conceded that any criminal background would have a tendency to prejudice, but it must be pointed out that all vicious and immoral acts are equally prejudicial. While these crimes certainly do not enhance defendant’s reputation before a jury, no reason has here been shown why these particular criminal acts would cause unusual prejudice. Nor, can it be argued that a period of five years is too remote to allow defendant’s first conviction to have a bearing on his credibility (People v. King, 72 Misc 2d 540).
*724 Applying the above reasoning to the case at bar, this court finds no basis to invoke its discretion and denies defendant’s application for an order prohibiting the District Attorney from cross-examining him on the three past crimes.