Moses M. Weinsteiu, J.
This is a motion to suppress a prior criminal record so as to restrain the District Attorney from cross-examining defendant regarding specific prior convictions. This is commonly called a Luck application. (Luck v. United States, 348 F. 2d 763.)
The court must first decide if this preliminary proceeding is the most appropriate form for determining the issues raised in this type of motion. Unless the relief sought can be almost summarily dismissed on the papers, a hearing is required, testimony must be taken and arguments made.
It would seem that a preliminary hearing, apart from the main trial, to secure an advance ruling on a question which may be rendered academic by later trial tactics, or moot by a plea, and which necessarily would contribute to further delay of the criminal calendars, ought to be avoided if at all possible.
The question presented by this type of motion can best be determined by the Judge actually presiding at the trial. If, at the close of the People’s case, the defendant is genuinely considering testifying in his own behalf, a hearing can be conducted outside the presence of the jury and a ruling made. The question as to whether the effect of the impeachment will be so prejudicial to the defendant as to outweigh the probative value of a particular prior conviction will often be very close, and one would expect such questions to turn on very precise fact patterns, and, therefore, best left to a determination at or during the actual trial.
It is this court’s view that both the defendant and the People are better served to have this type of motion determined by the Judge actually conducting the trial.
Accordingly, this motion is denied without prejudice, and with leave to renew upon the trial.