Leon B. Polsky, J.
Immediately prior to trial, the defendant moved to preclude the District Attorney from cross-examining him with respect to a prior conviction had in New York County in 1952 for the crime of burglary in the third degree. The defendant also appears to have been convicted in New Jersey in 1954 of the crime of breaking and entering.
The present case involves charges of assault in the second and third degree and reckless endangerment in the first degree arising out of an incident in which the defendant, while driving into the Lincoln Tunnel, was stopped by a Port Authority police officer for a claimed traffic violation, and then allegedly assaulted the officer by means of a dangerous instrument, his automobile.
Since this motion is addressed to the discretionary authority of a Judge to restrict and supervise the scope of cross-examination, the motion is properly and timely made in the trial part (People v. Lee, 76 Misc 2d 627). Had the motion been based upon an alleged constitutional infirmity in the prior conviction it should, and perhaps must, be made at an earlier stage of the proceedings. (See Judicial Conference, Administrative Board Rules, 22 NYCRR 31.5; People v. Wilson, 75 Misc 2d 471.)
In this case, the defendant has two convictions relating to acts committed over 20 years ago, with no subsequent criminal charges other than the ones now before the court. Assuming the defendant, were to testify, the only legitimate use which the People could make of these convictions would be to impeach the credibility of the witness.
Recently, courts in this State which have considered the question of the trial court’s authority to limit the scope of cross-examination of a defendant with respect to prior convictions or prior bad or immoral acts have taken markedly divergent views. In People v. Pritchett (69 Misc 2d 67), it was held that the court lacked any discretionary power to foreclose inquiry or proof of prior convictions and stated further that discretion to inquire rested with the adverse party. On the other hand, another view maintained that subdivision 1 of CPL 60.40[1] does not divest the court of discretion noting that the language employed in the statute does not contain any mandatory direction. (People v. King, 72 Misc 2d 540, 541.)
*50 Actually CPL 60.40 has little, if anything, to do with the general question of permitting proof of prior convictions; it deals only with the method of proving the conviction once the court is satisfied that such proof would be proper. The propriety, or admissibility of proof of prior convictions is governed by CPLR 4513 ¡which provides: “A person who has been convicted of crime is a competent witness; but the conviction may be proved, for the purpose of affecting the weight of his testimony3 ’. (Emphasis added.)
A virtually identical provision appears in section 788 of the California Evidence Code, providing: “For the purpose of attacking the credibility of a Avitness, it may be shown by the examination of the witness or by the record of the judgment that he has been convicted of a felony ”. (Emphasis added.)
In construing this statute, the Supreme Court of California, per Chief Justice Weight, held that it did not divest the Trial Judge of discretion to exclude proof of prior felony convictions offered in impeachment (People v. Beagle, 6 Cal. 3d 441). This result is equally appropriate under the comparable New York statute and is in conformity with the common-law authority of a court to restrict testimony to subjects relevant and material to the issues on trial and even to exclude competent evidence where its prejudicial impact far outweighs its relevance or materiality. Accordingly, I disagree (with the view expressed in People v. Pritchett (supra), and will follow the views expressed in King, Lee and Wilson (supra).
In exercising, discretion in this respect, a number of factors should be considered such as the nature of the prior crimes, the length of the criminal record, the age and circumstances of the defendant, and, most importantly, the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant’s story than to know of a prior conviction (Luck v. United States, 348 F. 2d 763).
Since the court has the duty to restrict cross-examination to relevant matters and the discretionary power to preclude questioning as to marginally relevant matters which might be unduly prejudicial and essentially collateral to the matters on trial, the court must view the prior conviction in the light of these criteria to determine whether or not such c 1 lack of credibility ’ ’ possibly indicated by the aged conviction continues through to the defendant’s present trial testimony.
As the then Circuit Judge OBtjbgeb, stated in Gordon v. United States (383 F. 2d 936, 940): “ The nearness or remoteness of the prior conviction is also a factor of no small importance. *51 Even .one involving fraud or stealing, for example, if it occurred long before and has been followed by a legally blameless life, should generally be excluded on the ground of remoteness.”
While the question of how many elapsed years is necessary to make a conviction too remote for use in impeachment is, and perhaps should be, incapable of precise measurement, we fortunately have some legislative guidelines.
The proposed Federal Rules of Evidence contain a proposal in subdivision (b) of rule 609 whereby evidence of a conviction is deemed inadmissible where more than 10 years have elapsed since the date of the witness’ most recent conviction, or upon termination of his parole or probation whichever date is later. Such rule would divest a Federal trial court of discretion but would in the case of a 20-year-old conviction, as here, preclude inquiry.
The efficacy of such a ‘ ‘ 10-year rule ’ ’ is given greater support in light of the newly adopted provisions of the Penal Law and Criminal Procedure Law relating to predicate felonies and second felony offenders. Section 70.06 of the Penal Law provides that where a person has been convicted of a crime for which a sentence to a term of imprisonment in excess of one year is authorized and more than 10 years have elapsed since that conviction, exclusive of any intervening period of incarceration, that such felony conviction shall not be considered a predicate felony. The legislative rationale for such an exclusion is grounded upon the idea that ancient convictions do not indicate a defendant’s current prognosis for rehabilitation and should not play a paramount role in determining what punishment, if any, should be meted out. If such aged convictions are afforded only diminished weight in matters of sentencing, it is difficult to argue that they be afforded greater stature in determining the question of guilt or credibility where, if anything, their connection is more tenuous and remote.
In this case, whether judged by the discretionary standard or the Federal “ 10-year rule ”, the defendant’s criminal record and present circumstances fail to provide a reasonable basis for allowing-cross-examination on or independent proof of the prior convictions. Accordingly, the People will be precluded from inquiring of the defendant or independently proving the prior convictions'.
In the event, however; that the defendant in his direct testimony, either in response to questions or otherwise, directly or indirectly gives the misleading impression that he has no prior convictions, the People will be permitted to use the prior convic *52 tions for impeachment purposes. Similarly, if the defendant puts his character in issue foy offering reputation evidence as to good character, the People will be free to examine on the subject or independently prove such convictions that would tend to negate any character trait or quality attributed to the defendant by the character witness. (CPL 60.40, subd. 2.)

. Subdivision 1 o£ CPL 60.40 provides, in material part: “ If in the course of a criminal proceeding, any witness, including a defendant, is properly asked whether he was previously convicted of a specific offense and answers in the negative or in an equivocal manner, the party adverse to the one who called him may independently prove such conviction.”