Bernard Dubin, J.
The defendant seeks an order restraining the District Attorney from cross-examining him in connection with five prior convictions.
Defendant herein was indicted by a Queens County Grand Jury on May 29, 1974 and charged with the crimes of robbery in the first degree, burglary in the second degree and assault in the second degree. He now alleges that he has been convicted of the following crimes between July, 1968 and August, 1972: (1) a conviction in July, 1968 for attempted possession of a hypodermic instrument; (2) a conviction in 1969 for possession *815 of dangerous drugs; (3) a conviction in April, 1970 for attempted criminal possession of stolen property; (4) a conviction in June, 1971 for possession of drugs; and (5) a conviction in August, 1972 for possession of weapons as a misdemeanor.
Defendant now seeks to prohibit the People from impeaching him by offering proof of these convictions or interrogating him about them. It is alleged that such acts would, in effect, permit proof of the present charges by offering proof of prior crimes. (People v. Sandoval, 34 N Y 2d 371; Luck v. United States, 348 F. 2d 763.)
In dealing with this motion to restrain, this court must note that it has always been the law of New York that a defendant’s credibility might be challenged if he elected to take the witness stand. The usual method of attacking such credibility was to cross-examine a person on criminal, vicious or immoral acts. The nature and extent of such cross-examination was always within the discretion of the Trial Judge (People v. Schwartzman, 24 N Y 2d 241). "What was novel about the so-called Luck-Federal motion was the concept that the court could make a ruling on such issues in advance of trial.
For a decade our State courts debated this question with different conclusions. (People v. Wilson, 75 Misc 2d 471; People v. King, 72 Misc 2d 540: People v. Pritchett, 69 Misc 2d 67; and People v. Palmeri, 58 Misc 2d 288.) The first appellate review occurred on April 22, 1974 when the Second Department in People v. Duffy (44 A D 2d 298) indicated that the lower court possessed the right in its discretion to consider this issue in advance of trial.
Five days after this first appellate ruling, our highest State court confirmed this doctrine in People v. Sandoval (34 N Y 2d 371, 376, supra) and ruled that in the exercise of sound discretion the Trial Judge might make an advance ruling as tó the use by the prosecutor of prior convictions or proof of the prior commission of a specific criminal, vicious or immoral acts to impeach a defendant’s credibility: “ From the standpoint of the prosecution, then, the evidence should be admitted if it will have material probative value on the issue of defendant’s credibility, veracity or honesty on the witness stand. From the standpoint of the defendant it should not be admitted unless it will have such probative worth, or, even though it has such worth, if to lay it before the jury or court would otherwise be so highly prejudicial as to call for its exclusion. The standard — whether the prejudicial effect of impeachment testimony far outweighs the probative worth of the evidence on the issue of credibility *816 — is easy of articulation but troublesome in many cases of application.”
This, then, raises the practical question of what acts or crimes are so prejudicial as to outweigh any probative value in reg’ard to credibility. Admittedly this is still an evolving section of the law. However, the following areas or categories appear to have been touched upon by previous cases: 1. crimes remote in time from the present indictment; 2. crimes based upon addiction or uncontrolled habits; 3. crimes or acts based upon personal dishonesty or untrustworthiness; 4. crimes which constitute traffic offenses; 5. crimes or conduct similar to that which the defendant is presently being tried for; 6. crimes which spring from youthful offenses.
The cases in this first area are far from uniform in their determination as to what constitutes remoteness. Thus, the courts have ruled that crimes ranging from 5 years (People v. Wilson, 75 Misc 2d 720) to those ranging from 30 years (United States v. Holley, 493 F. 2d 581) are not too remote for impeachment purposes. Other cases have indicated that periods ranging from 8 years (People v. King, 72 Misc 2d 540, supra) to 20 years (People v. McCleaver, 78 Misc 2d 48) are too remote for cross-examination purposes.
Since this is obviously a matter of discretion, no clear time limit can propferly be laid out. However, it is this court’s view that since section 70.06 (subd. 1, par. [b], cl. [iv]) of the Penal Law bars a crime of over 10 years for the purposes of imposing a predicate felony, this time criteria might be reasonably utilised as a basis for dealing with remoteness. (People v. McCleaver, supra.)
The second category in this area deals with those crimes based on addiction or uncontrollable habits as stated in People v. Sandoval (34 N Y 2d 371, 377, supra); crimes or conduct occasioned by addiction or uncontrollable habit, as with alcohol or drugs (again, unless independently admissible to prove an element of the crime charged, see People v. Calvano, 30 N Y 2d 199), may have lesser probative value as to lack of in-court veracity (cf. United States v. Puco, 453 F. 2d 539, supra).”
However, it is clear that a distinction should be made in drug cases between possession for one’s own use and possession for the purpose of sale since it is obvious that profit is the basis of the latter rather than any irrational or uncontrollable need.
The third category deals with crimes involving individual dishonesty or untrustworthiness, and virtually every court has uniformly agreed that these particular acts possess such a direct *817 bearing of credibility as to outweigh any harm that their admission might bring to the defendant. Among the acts that would follow in this category are: “ Commission of perjury * * * or acts of individual dishonesty, or untrustworthiness (e.g., offenses involving theft or fraud, bribery, or acts of deceit, cheating, breach of trust). ” (People v. Sandoval, supra, p. 377.)
Another court, would narrow the area to “perjury, fraud and deceit, larceny by misrepresentation, and other closely related crimes which have at their very core the prior dishonest or untruthful quality of the defendant.” (People v. Mallard, 78 Misc 2d 858, 864-865.)
The fourth category touched upon by our court deals with traffic violations. The cases apparently feel that a traffic infraction is too minor to be material. As People v. Sandoval (supra, p. 377) indicated: “ questions as to traffic violations should rarely, if ever, be permitted.”
It might be noted that CPL 60.40 permits any questions regarding specific offenses. An offense is defined as: “ conduct for which a sentence * * * of imprisonment * * * is provided by any law ”. (Penal Law, § 10.00, subd. 1.) This would imply that a defendant could then be cross-examined as regards any violation (Penal Law, § 10.00, subd. 3). However, this section in itself would not bar a court from determining that any specific violation would be too minor to have value as regards credibility (cf. People v. Moore, 42 A D 2d 268).
The fifth category that the cases have discussed deals with crimes or conduct similar to that for which the defendant is presently being charged. Our highest State court (People v. Sandoval, supra, p. 377) has indicated that despite any limiting instruction there is always a danger that the past crime will be taken as proof of the commission of the present one. A proposed solution was suggested by the Appellate Division in People v. Duffy (44 A D 2d 299, 303, supra) when it touched upon this problem in the following terms: “ As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might be that discretion be exercised to limit the impeachment by way of a single crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity.”
The final area in which the courts appear to have centered their attention deals with the ever troublesome question of youthful offenses. It has always been the general rule, at least in the Second Department, that a youthful offender adjudica *818 tion might not be brought out at trial (People v. Sanza, 37 A D 2d 632). However, the underlying acts could be explored in the discretion of the courts. With the passage of time it is becoming clearer that crimes committed in one’s youth have “ little, if any, value as a barometer of the defendant’s character or trustworthiness and even less value as an indicator of moral turpitude.” (People v. Moore, 42 A D 2d 268, 273, supra.) Thus it might appear that a single youthful crime, particularly of a minor nature, might be more prejudicial in the long run than beneficial.
Based upon the foregoing standards and after analyzing the individual facts of defendant’s case, this court holds that the conviction for attempted possession of a hypodermic needle and the subsequent convictions for possession of a dangerous drug in 1969 and 1971 should be barred for cross-examination purposes.
The court further holds that the underlying acts which gave rise to these three convictions should likewise be barred, since their introduction would be an indirect method of establishing the commission of these crimes and give rise to substantially the same prejudice as a conviction itself.