Frederick D. Dugan, J.
Defendant here seeks a pretrial determination on his impeachment as a witness upon the trial. (People v Sandoval, 34 NY2d 371; Luck v United States, 348 F2d 763.)
The court previously granted defendant’s motion to examine his NYSIIS and FBI reports, if any, in the possession of the prosecution and for the prosecution to disclose defendant’s convictions, together with their underlying facts and all prior criminal, vicious or immoral acts, which it will rely upon and use as impeachment evidence if the defendant should testify on his own behalf.
On an earlier bail hearing, the prosecution produced evidence that the defendant had been charged with three offenses in addition to the instant charge. (CPL 530.40, subd 4; CPL 530.20, subd 2, par [b], cl [ii].)
It was stipulated by counsel that a 1965 charge involving a threatening letter was dropped and that a June 15, 1974 driving while intoxicated charge was still pending.
Defendant is here indicted for murder (Penal Law, former § 125.25, prior to amdt L 1974, ch 367, eff Sept 1, 1974) of a uniformed officer of the State Police.
Upon the argument of this motion, without an evidentiary hearing, defendant submitted an affidavit disclosing the underlying facts of a conviction for harassment of a conservation officer and for a fourth offense of criminal mischief involving a Deputy Sheriff. Testimony on both incidents had been heard at the bail hearing. Defendant seeks this pretrial ruling prohibiting or limiting the prosecution from the use of such impeachment testimony.
The third offense occurred some four months before the event in this indictment. Defendant harassed a conservation officer during a long distance telephone call. The resulting charge of aggravated harassment (Penal Law, § 240.30, subd 1) was the basis for defendant’s conviction, apparently by plea, of harassment, the violation (Penal Law, § 240.25).
*210 The fourth offense involved damage to a typewriter in an incident with a Deputy Sheriff which occurred on September 2,1973.
In response to this motion, the prosecution indicates it will use one or both of the convictions involving the conservation officer and the Deputy Sheriff, as well as the underlying acts involved, for impeachment purposes in the cross-examination of the defendant if he testifies upon the trial.
The court notes that a violation conviction may be offered in evidence to impeach a witness. (CPL 60.40, subd 1.) That statutory rule of evidence is not limited to conviction for a crime, but contemplates proof of conviction of a specified offense. (People v Gray, 41 AD2d 125; People v Jackson, 79 Misc 2d 814; Penal Law, § 10.00, subd 1; CPL 40.10, subd 1.)
In addition to impeachment by prior conviction of an offense, a defendant who chooses to testify may be cross-examined concerning any immoral, vicious or criminal acts of his life which have a bearing on his credibility, veracity or honesty as a witness, provided the cross-examiner questions in good faith and upon a reasonable basis in fact. (People v Sorge, 301 NY 198; People v Kass, 25 NY2d 123.)
Such examination would seek to evince a demonstrated determination to further self-interest of the defendant at the expense of society in reference to his honesty and integrity. Its purpose is to reveal a disposition or willingness on his part to place self-interest ahead of principle and society, which might suggest the defendant’s readiness as a witness to do so again. (People v Sandoval, 34 NY2d 371, supra.)
However, the law is inflexibly set against questioning as to such acts when the result is to show from character or experience a propensity to commit the crime for which the defendant is on trial. (People v Duffy, 36 NY2d 258.)
Here, the prejudicial effect of evidence or testimony of the two convictions and incidents involving the defendant with the conservation officer and the Deputy Sheriff so far outweighs the probative worth of the evidence on the issue of defendant’s credibility, that they must be excluded on the trial of this charge for the murder of a law enforcement officer. (People v Schwartzman, 24 NY2d 241.)
It is not the detrimental nature of these convictions and underlying facts but the fact that they are so prejudicial and with such limited probative value on credibility, that even *211 with a precautionary charge to the jury to limit their consideration to the credibility of the defendant as a witness, it is likely that such evidence may be taken to make out a propensity to commit the crime here charged.
The 1965 charge which was dropped and its underlying facts are so remote in time that they are not relevant to the issue of credibility, nor would the facts of the pending driving while intoxicated charge be appropriate impeachment cross-examination. (People v Jackson, 79 Misc 2d 814, supra.)
Examined in the light of these principles, the court holds that the four incidents presented upon this motion and the convictions and/or underlying facts of each should be barred for use as impeachment on cross-examination of the defendant should he take the witness stand upon the trial.